G. BIRDWELL, ADM'R, v. GEORGE BUTLER AND OTHERS.

In an action by creditors to set aside and annul fraudulent conveyances, the grant-or in the conveyances may be joined as defendant with the grantee, and if the plaintiffs recover they will be entitled to judgment for costs against the grantor, although he may have disclaimed interest and excepted to his being so joined.

Where certain judgment creditors of the grantor in certain deeds of conveyances, brought their action against the grantor and grantee in the same, to have the same declared fraudulent and void as to them, and the property therein conveyed subject to execution on their judgments, and the grantor disclaimed, and there-after died, and his administrator was made a party, and the jury found a verdict for the plaintiffs, and the Court decreed that the deeds of conveyance were fraud-ulent and void as to plaintiffs and that an order of sale issue to the Sheriff to sell as under execution the property therein conveyed, or as much thereof as was sufficient to satisfy the judgments of the plaintiffs, it was held on appeal by the Administrator of the grantor that the Court did not err in rendering such decree instead of decreeing the property to be assetts of the estate of the grantor, to be appropriated in due course of administration to the payment of the debts of said estate according to their priority under the law.

Error from Walker. This action was instituted by several separate judgment creditors (the defendants in error) of Isaac Towsey, against the said Towsey and Frederick Pomeroy, for the purpose of having certain deeds and conveyances of land and transfers of property made by the said Towsey to the said Pomeroy declared fraudulent and void as to creditors, and to subject the said land and property to execution on their judg-ments against the said Towsey. Towsey disclaimed all inter-est in the property alleged to have been by him fraudulently transferred; and he excepted to the petition on the ground that he was not a necessary party, and pleaded a general de-nial. Pomeroy pleaded a general demurrer and a general de-nial. Both Towsey and Pomeroy died, and their administra-tors were made parties. The jury found for the plaintiffs as to the property conveyed in the deeds mentioned in the peti-tion; and the Court decreed the deeds to be null and void as to the plaintiffs, and the property therein conveyed to be sub-

ject to the satisfaction of the plaintiffs' judgments; and that an order of sale issue to the Sheriff to sell as under execution, the said property, or as much thereof as was necessary to satisfy the said judgment, and that the defendants pay costs of this suit, to be paid in due course of administration.

Towsey's administrator prosecuted this writ of error, and assigned that the District Court erred, in rendering judgment against the estate of Towsey for costs, and in ordering the property to be sold by the Sheriff as under execution, instead of decreeing it to be assets of the estate of Towsey for the benefit of creditors, and subject in due course of administration to be applied to the payment of the debts against said estate.

A. P. Wiley, for plaintiff in error. The first question is, whether the administrator of Towsey has a right to question or complain of the judgment in this case? So far as it professes to be res judicata of the matters in issue, and binding on the estate he represents, it would seem not only his right, but his duty, for the benefit of all just creditors of the succession, to see that the assets belonging to it were not subjected to any improper charges, he being, under our system, the officer of the law to ascertain and discharge all just debts and incumbrances against the succession for the benefit of all the creditors.

In support of the second assignment, we insist that on the death of Towsey before judgment, all property, whether fraudulently alienated by him or not, became a trust fund for the benefit of his creditors, to be recovered and applied to the payment of their claims according to their respective grades and priorities; and that no particular class of creditors, by suing in his lifetime to subject the property fraudulently alienated by him, could displace and get an undue preference over older liens of other creditors who were not parties to the suit; and that the policy and intent of our law, to prevent undue

strife and a multiplicity of suits among the different creditors of the succession before different tribunals in regard to priorities, is to make the administrator a general agent or trustee for all, to take charge of and administer the assets under the direction and control of the County Court, where all priorities and liens of whatever grade or description may be ascertained and enforced in a due course of administration. See Conkrite v. Hart, (10 Tex. R. 142,) where it is expressly laid down, that in the settlement of monied claims against an estate, since the Act of 1848, there could be no enforcement of a lien by execution under it. (Hart. Hig. Art. 1168, 1171, 1176.) And such a construction of the law seems in consonance with the true spirit of our system which is designed to simplify as much as possible all remedies for rights, and to discard, as foreign to the system, all those narrow technical rules of the Common Law that tend to a multiplicity of suits in the race of diligence between creditors, and the strife and litigation incident thereto.

*Yoakum & Branch*, for defendants in error.


WHEELER, J. The party whom the plaintiff in error represents, did not set up a claim to the property subjected by the judgment to the payment of his debts. On the contrary, he disclaimed ownership, and on that ground, asked that the suit as to him be dismissed. The plaintiff in error cannot now complain that the judgment has not accorded to him rights which he, when made a party to the suit, did not claim, and which his intestate expressly disclaimed. He did not ask that anything be adjuged in his favor, and the only matter adjudged against him was costs. This, then, is the only matter of which he can complain ; for he surely cannot complain of the judgment against his co-defendant, which operates in discharge of the debts of his intestate. And the only question properly arising to be determined upon this writ of error is, whether the party represented by the plaintiff in error was properly joined

and jointly liable with his co-defendant for the costs of the suit. Whether he might not properly be made a party, is a very different question from whether he was a necessary party; for in many cases a person may be made a party, although he is not an indispensable party. (Story's Eq. Pl. Sec. 153.) It may be true therefore that the plaintiff in error, or his intestate, was not a necessary party to this suit, but we do not doubt that he might properly be made a party. He was jointly implicated with his co-defendant in the fraudulent conveyances; and it was his fraudulent acts which imposed upon the plaintiffs the necessity of instituting the suit. It might admit of more question, whether the petition was not objectionable for multifariousness, for having joined distinct and several judgment creditors as plaintiffs, if the objection had been taken in time; and the propriety of such joinder of plaintiffs, though it has been questioned, is supported by very high authority. (Story's Eq. Pl. Sec. 537 a, 161, and notes.) But there does not seem to have been any question of the right to join, as defendants, the parties jointly implicated in the fraudulent conveyance. (Id. Sec. 286.) If however the objection was well taken, the exception to the petition on this ground was not insisted on and must be deemed to have been waived. (Id. 284 a.) But we are of opinion that the party represented by the plaintiff in error was properly joined with his co-defendant, and consequently that his estate is jointly liable for the costs of the suit. The judgment is therefore affirmed.

Judgment affirmed.