[Opinion delivered April 19, 1880.]

---

JOHN S. HEARD v. FRANCIS C. McKINNEY ET AL.

(Case No. 3847.)

1. PARTIES — FRAUDULENT CONVEYANCE. — The creditor and vendee are the only necessary parties to a suit to set aside, as fraudulent as to creditors, the deed of one who died without property, and on whose estate no administration has been taken out.

2. JURISDICTION OF DISTRICT COURT — FRAUDULENT CONVEYANCE. — A vendor having died without property and on whose estate no administration has been granted, the district court alone has jurisdiction of a suit by a creditor against the decedent's vendee, to set aside as fraudulent a deed from the deceased, and subject the property conveyed to the payment of his debts; and to sustain a demurrer to the petition for want of jurisdiction is erroneous. 7 Tex., 235; 22 Tex., 7; 46 Tex., 566; 13 Tex., 338.

APPEAL from Collin.  Tried below before the Hon. Joseph Bledsoe.

This action was instituted in the district court of Collin county, by the appellant, against Francis E. McKinney and Charles W. McKinney, filed 8th February, 1877, alleging in substance that James McKinney, the husband of Francis E. and the father of Charles W., on the 1st of January, 1874, made and delivered to plaintiff his promissory note for $590, due one day after date, with interest at twelve per cent. per annum.  That said James McKinney afterwards, on the 31st day of August, 1874, conveyed by deed to the said Francis E. McKinney, on the sole consideration of love and affection, two hundred and ten acres of land in Denton county, and also all the land he, the said James McKinney, then owned in Collin, Cass and Archer counties.  And that afterwards the said James McKinney and Francis E. McKinney, to wit, on the 2d day of January, A. D. 1875, conveyed by deed to the said Charles W. McKinney, upon the sole consideration of love and affection, eight acres of said land within the corporate limits of the town of McKinney, Collin county, Texas.  That all of said deeds were duly delivered and recorded, and embraced all the land then owned by the said James McKinney, and that the said Francis E. and Charles W., by virtue thereof, entered immediately into possession of the same.  That the said James McKinney, at the time of the execution of said deeds, owned the land embraced therein, and that he soon thereafter, to wit, on the —— day of ——, A. D. 1875, departed this life intestate; and that at the time of his death he owned no property whatever subject to administration under the constitution and laws of this state.  That said note had been long due, and payment often demanded and refused, except as follows: Fifty dollars on the 2d day of February, A. D. 1874, sixty-two and ninety-five one-hundredths on 13th of February, 1874, and forty-five and sixty one-hundredths paid by Francis E. McKinney February 1, 1877.  That appellant is the only creditor of the said James McKinney; that there has been no administration on his estate, and could not be if a

necessity existed for administration; that said conveyances
from James McKinney to Francis E. McKinney, and from
the said James and Francis E. to Charles W. McKinney,
were made without any consideration deemed valuable in
law, and for the purpose of hindering, delaying and defraud-
ing appellant in the collection of his said debt, and that the
same were and are fraudulent and void as to him. Prayer
that said conveyances be decreed to be fraudulent, null and
void, and canceled and discharged of record, and that ap-
pellant have judgment for his debt, interest and costs, to
be satisfied from the sale of lands conveyed by the said
James McKinney as aforesaid, and that said land, or so much
thereof as may be necessary, be decreed to be sold for the
payment of the same.

To which petition the appellees excepted because the same
was insufficient in law; the defendants' demurrer was sus-
tained by the court, and a final judgment was rendered
against the plaintiff, from which he has appealed and assigns
the following grounds of error, to wit:

. 1. The court erred in holding that it had no jurisdiction
of the amount in controversy in this suit, it being a suit to
cancel deeds and subject the land conveyed by them to the
payment of a debt.

2. The court erred in holding that it was necessary for
plaintiff, in order to maintain his said action, that there be
an administration on the estate of James McKinney, and
the claim sued on in this action presented to the adminis-
trator.

3. The court erred in dismissing the plaintiff's suit because
of the alleged insufficiency of the facts set forth in the peti-
tion as constituting plaintiff's cause of action.

*Richard Maltbie*, for appellant.

*Throckmorton, Brown & Bro.*, for appellees.

WALKER, P. J. — The judgment of the court presents
merely, in the ordinary form of similar entries, the action

taken by the court in sustaining an exception to the petition, where the plaintiff, as he did in this case, declines to amend, viz.: to render a final judgment in the premises in favor of the defendant against the plaintiff. The views of the law as held by the court in rendering the judgment are not made otherwise apparent to us than as may be drawn from the general conclusion stated in the judgment; the specifications of objections in the assignment of errors relating to the legal views which appellant alleges were held by the court cannot otherwise be considered than as argumentative suggestions, under the third assignment, against the correctness of the judgment. The merits of the case brought before us are, however, sufficiently involved in the third assignment of errors. The questions may be conveniently considered in the order in which they are presented in the assignment of errors.

This proceeding was a suit, in effect, to subject the tracts of land described in the petition to the payment of a debt; it was in the nature of a proceeding *in rem*. The character of the suit was to determine whether the defendants had, as against the rights of plaintiff as creditor, title to the land. The district court has original jurisdiction "of all suits for the trial of title to land." Sec. 8, art. 5, Const. The county court "shall not have jurisdiction of suits for the recovery of land." Sec. 16, art. 5, Const. The jurisdiction of justices of the peace is limited to cases where " the amount in controversy is $200 or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts, and such other jurisdiction as may be provided by law, under such regulations as may be prescribed by law." Sec. 19, art. 5, Const. It is clear that the district court alone has jurisdiction to determine the question of title to the land; in no other forum, therefore, could the plaintiff seek to have determined the most essential branch of his cause of action, viz.: that the defendants' title to the land is invalid as against him. His entire cause of action consists of the alleged existence of a debt to the payment of which the land is claimed to be subject, and the remedy

sought by reason thereof, viz.: a decree for the sale of the land in satisfaction of such debt. The county court has jurisdiction over the amount of the plaintiff's debt, and can render judgment thereon, upon which ordinary process may issue; but in respect to determining the issue required to be decided in this cause of action, it would be wholly incompetent to exercise jurisdiction. The cause of action of the plaintiff is not severable; he is not seeking to recover a personal judgment against the estate of James McKinney, nor to recover against his heirs on the ground of their having received, by descent, assets of the estate subject to the payment of debts; but he alleges a state of facts to show that he is not entitled to sue the heirs as such, nor to proceed against an administrator of the estate (there being no administration opened, nor any necessity therefor). But he proceeds against the property, alleging as a fact the existence of his debt, and that the property is subject to its payment, and states a case invoking the equitable jurisdiction of the district court. In Marshall v. Taylor, 7 Tex., 235, suit in district court to foreclose mortgage to secure payment of a note for an amount not within its jurisdiction, the court, in maintaining the jurisdiction of the district court, said: "The matter in controversy was not only the debt, but the security given for its payment. The litigation comprehended as well the subject-matter of the mortgage as the debt." See, also, Lane v. Howard, 22 Tex., 7. We are clearly of the opinion, therefore, that the suit was properly brought in the district court.

The proposition that the plaintiff, under the facts stated in the petition, could not maintain this action, but would be required to rely upon the remedies which might be afforded by proceeding against the estate of James McKinney, through an administration, and suit against the administrator, is not maintainable. The petition alleges that the deceased, at the time of his death, owned no property whatever subject to administration; the pursuit of a remedy through the probate court, or by action against an administrator of

an estate without assets, would have been fruitless and vain; a mere formal and illusory ceremony. In Patterson *v.* Allen, 50 Tex., 26, Judge Gould remarked "that the policy or object of our probate laws, in requiring administration, is the protection of the estate and the rights and preferences of the widow, children, creditors and heirs or distributees, but not to force administration in all cases." In that case it was held that, where there is no administration on the estate. of a deceased person, and but one debt against the estate, and the heirs of such deceased person, by an agreement amongst themselves, partition and distribute the estate without satisfying the debt, the party in whose favor such debt is due, and which is a lien upon land sold to the ancestor of such heirs, may sue for the debt and to foreclose the lien, making the heirs defendants, without administration on the estate of their ancestor." In the case before us, like the case of Patterson *v.* Allen, the plaintiff, according to the petition, was the sole creditor of the estate, but unlike it, in that the estate was wholly without assets of any kind; if there had been, and such assets had been received by the heirs, suit against them would, perhaps, have been maintainable without administration. The plaintiff, therefore, having no pretense of remedy against the heirs as such, nor ground for proceeding fruitlessly to cause administration to be had on the estate thus wholly without means of any kind, seeks a remedy by proceeding against property which was never subject to administration; it having been conveyed, as alleged in the petition, by voluntary conveyances by James McKinney before his death to defraud his creditors. These conveyances could only be impeached by the creditors of the grantor, and not by the administrator of the grantor. Cobb *v.* Norwood, 11 Tex., 561; Avery *v.* Avery, 12 Tex., 57. If the conveyance was fraudulent and void as to creditors, the fraudulent vendor, or assignor, could not take advantage of the fraud, or avoid his own deed on that ground, nor could his administrator. Seawell *v.* Lowery, 16 Tex., 50; Connell *v.* Chandler, 13 Tex., 5. A direct proceeding on the part of

creditors or for their use would be required to reach the estate, conveyed by such deed, by having the deed annulled. Hart v. Rust, 46 Tex., 566.

From these authorities it is seen that in no possible event could the plaintiff have proceeded to enforce by legal remedy his rights as a creditor than to do so by a bill of the nature of that which he filed in this suit, to set aside conveyances alleged to be fraudulent, which related to lands not belonging to the estate of James McKinney, the title to which in the defendants the administrator of said estate could not impeach, and thereby subject to administration.

The case of Birdwell v. Butler, 13 Tex., 338, recognizes, without question, the validity of the remedy sought to be enforced in this case, so far as relates to its purpose to obtain a decree declaring fraudulent and void as to creditors the aforesaid conveyances, and to subject the lands to the payment of the debt.

In that case the plaintiffs, having, before the institution of their action, recovered judgments against the alleged fraudulent grantor for the amounts of their respective debts, sought to subject the lands conveyed to the payment of the said judgments. In this suit the plaintiff asks for no personal judgment against the heirs of James McKinney, but alleges distinctly the existence of the debt claimed by him by apt and appropriate allegations; and it does not appear, from the facts alleged in the petition, that any other parties are necessary or can be affected by the decree which is asked than the defendants; nor does it appear that the plaintiff has any other remedy for his right than the one which he is pursuing. "No person should be made a party who has no interest in the suit, and against whom, if brought to a hearing, no decree can be had." Story's Eq. Pleadings, sec. 231. And, indeed, it is apparent that there can be no other parties, who, in the nature of things, under the allegations of the petition, could be brought before the court to respond to this suit, having any interest to be affected by the decree, except those who have been made defendants. As there is no person at law against whom a personal judgment can be

obtained so as to affect the property, the demand is dependent on equity for its ascertainment and enforcement. A court of equity will therefore take jurisdiction though there is no judgment. Bump on Fraud. Con., p. 517. " A bill in such a case is not an application for the exercise of the auxiliary jurisdiction of the court, but is a part of its original jurisdiction in equity." Id., p. 517, and authorities cited.

We are of opinion that the court below erred in sustaining the demurrer of the defendants to the plaintiff's petition, and therefore award that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.