**HANNAH et al. v. STEPHENS et ux.**

No. 3466.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Kyle Vick, of Waco, for appellants.

R. L. Holliday, of El Paso, for appellee.

NEALON, Chief Justice.

This is a second appeal of this case. The former appeal is reported in Stephens v. Hannah Const. Co. (Tex.Civ.App.) 81 S.W.(2d) 729. We quote from that opinion a brief statement of the allegations of plaintiff's petition: "Hannah, doing business as the Hannah Construction Company, Fred Hall, and Dan Hall, individually and as partners, entered into a contract with the state of Texas and the state highway commission to construct a section of a state highway in Hudspeth county. The Hannah Construction Company and the Halls, as principals, and the Great American Indemnity Company, as surety, entered into a bond in the penal sum of $26,-

824

608.28, in favor of the state of Texas, represented by the state highway engineer, conditioned, among other things, that said principals should pay and discharge all liabilities for injuries incurred in the construction work mentioned. Thereafter the Hannah Construction Company and the Halls contracted with the defendant Thomasson to do the work required by said contract as an independent contractor. The deceased, William N. Stephens, was an employee of Thomasson, engaged in the construction work aforesaid. Allegations were made showing that said Stephens, while in the course of his employment, working upon said highway, sustained personal injuries in Hudspeth county through the active negligence of Thomasson, causing the death of said Stephens."

Plaintiff dismissed as to the Great American Indemnity Company. The other defendants, except Thomasson, filed pleas of privilege to be sued in McLennan county.

Upon the former appeal the cause was remanded to the district court that evidence might be heard in support of the controverting affidavit of plaintiff Andrew J. Stephens.

Since that hearing two cases have been decided by the Supreme Court that must guide us in disposing of this case upon the pleas of privilege.

■ In Compton v. Elliott, 88 S.W.(2d) 91, 95, the Commission of Appeals, in an opinion which was adopted by the Supreme Court, said that upon the hearing of a plea of privilege the issue made is tried in the ordinary way, and the truth as to the facts in issue is to be ascertained by the introduction and weighing of evidence offered by both sides. In short, a plaintiff seeking to maintain venue in another county must prove by a preponderance of the evidence the facts that bring his cause within one of the exceptions to article 1995, as amended (Vernon's Ann.Civ.St. art. 1995).

Upon the former appeal this court held that subdivision 29a had no application, because the other parties were not necessary parties to the action against Thomasson. Therefore, it is necessary, if the defendants are to be held within the jurisdiction of the Hudspeth county district court, that the facts must be proved which will bring them within subdivision 4 or subdivision 9, of article 1995.

■ Under the holding in Compton v. Elliott, it is practically necessary that plaintiff prove his case as he would prove it on final trial. It is not sufficient that he make merely a prima facie case. The Commission of Appeals recognized that this burden will be placed upon the plaintiff, for, speaking through Judge Smedley, it said: "It is true that this construction of the statute means that the issue as to the commission of the crime or offense may be twice tried, once in the hearing of the plea of privilege and once in the trial on the merits, with added expense and delay and sometimes with inconsistent results. But proof of the venue facts is the price which the plaintiff pays for the benefits which he expects to derive from the exception."

■ 1. The evidence introduced upon the trial does not warrant a finding that appellants committed a trespass in Hudspeth county. For that matter, it does not disclose any right to recover in plaintiff. Neither do the findings of fact made by the trial court warrant holding appellants in Hudspeth county. While there is a finding of fact to the effect that the scarifier, the machine upon which the deceased son of plaintiffs was alleged to be working when injured, was defective, there is no finding that the defect caused his injury or death; nor is there a finding that allowing him to work upon said machine was negligence or the proximate cause of his injury and death. The fact finding that decedent was working upon the scarifier when injured is without evidence to support it. The only witness by whom the plaintiff attempted to prove that decedent was injured on the scarifier was Joe Bailey Threadgill, who testified that he did not see the accident, and that he didn't "get there" until about twenty minutes after the accident, prior to which time the boy had been carried to the town of Sierra Blanca, several miles away.

■ 2. The evidence discloses that the decedent was the employee of W. A. Thomasson, an independent contractor, and does not indicate that the work being done was intrinsically dangerous work however skilfully performed. It charges negligence in failing to furnish safe machinery with which to work and in the operation of the machinery. In such a case the general contractor is not liable for the tort of an independent subcontractor, and the state of facts thus proved does not bring the case within any exception to the venue statute.

■ 3. Were the appellants liable on account of the bond declared upon by plaintiff? The bond was not introduced in evidence. A bond identical in language with the one declared upon, except for the names of the parties, the date and description of the work, and the amount of the penal sum, was construed in United States Fidelity & Guaranty Co. v. Eubanks (Tex. Com.App.) 87 S.W.(2d) 248, 249. In an opinion by Judge Hickman, speaking for the Commission of Appeals, which opinion was adopted by the Supreme Court, it was held that such a bond inured exclusively to the benefit of the state and of the materialmen and laborers engaged upon the work. From the language and effect of the decision, it is clear that the controlling feature was not the fact that in the cited case the plaintiff was not a laborer upon the work, but the fact that the statute required provisions in the bond which, as the opinion stated, "leave no doubt that the only parties intended to be benefited by this bond were the state of Texas and the persons, companies, or corporations furnishing labor or material used in the construction of the public work." Articles 6674j, 5160, and 5161, Vernon's Ann.Civ.St., are construed, and it is held that the provisions of article 5160, by necessary implication, forbid the incurring of any liability on the bond to any person except the state or municipality and the laborers and materialmen. The language of the decision by necessary implication excludes from the benefit of the bond any laborers, materialmen, and mechanics, except for material and labor furnished. We find it necessary to pass upon the effect of this bond in determining whether or not appellant entered into a contract of the nature alleged and performable in Hudspeth county, and from which liability to plaintiffs in the instant case could arise.

■ 5. No liability arises from the fact that appellants failed to require a bond of Thomasson, the subcontractor. The law does not require such a bond to be exacted by general contractors from subcontractors. Persons furnishing them labor and material are protected by the bond made by the general contractor.

■ 6. Neither is there any evidence that the arrangement with Thomasson was merely colorable, and that the grading that Thomasson contracted to do was actually being done by appellants. Though they did not exact the bond, they required a satis-

factory financial arrangement from him that protected the obligees of their bond from loss on account of failure to pay for labor or material.

7. The evidence reveals that appellants carried workmen's compensation insurance to protect their employees. Therefore, if the arrangement were merely colorable, and decedent was really their employee, his beneficiaries are protected under the terms of the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), but have no cause of action of the character attempted to be enforced in this case.

It is clear that the case has not been brought within any of the exceptions contained in article 1995.

The judgment of the district court is reversed, and judgment here rendered that the case as to the appellants be transferred to McLennan county.