INTERSTATE MINERALS, Inc., v.
HARROUN.

No. 11313.

Court of Civil Appeals of Texas.
San Antonio.

June 30, 1943.

Rehearing Denied July 28, 1943.

Neil E. Beaton, of San Antonio, and J. H. Schleyer, of New Braunfels, for appellant.

Gordon Gibson, of Laredo, for appellee.

MURRAY, Justice.

This is an appeal by Interstate Minerals, Inc., from an order of the District Court of Zapata County, 49th District, overruling its plea of privilege to be sued in Comal County, alleging that it is a Delaware corporation, licensed to do business in Texas, and having its Texas office and principal place of business in the City of New Braunfels, Comal County, Texas.

The plaintiff below, Glen Harroun, controverted such plea of privilege and asserted that the cause of action was maintainable in Zapata County, under exception No. 23 of Art. 1995, R.C.S.1925, as a

part of the transaction sued on arose in Zapata County.

Appellant contends that the controverting affidavit was filed too late. This suit was filed on November 4, 1942, citation was served upon appellant on November 30, 1942; it commanded appellant to appear and answer, "at or before ten o'clock A. M. of the Monday next after the expiration of twenty days from the date of service of this citation." Appellant filed his plea of privilege December 16, 1942. Court met in Zapata County on February 22, 1943. Appellee filed his controverting affidavit on February 6, 1943. Rule 86, T.R.C.P., provides in effect that the controverting affidavit must be filed within ten days after appearance day.

■ The question is, when was appearance day? Was it the day the citation required appellant to appear and answer, or was it the first day of the February term of Court? This question is fully answered by Rule No. 237, R.C.P., which reads as follows: "Appearance Day. If a defendant, who has been duly cited, is by the citation required to answer on a day which is in term time, such day is appearance day as to him. If he is so required to answer on a day in vacation, he shall plead or answer accordingly, and the first day of the next term is appearance day as to him."

Court was not in session in Zapata County on the day appellant was required by the citation to appear and answer, therefore, appearance day for it was the first day of the next term of court, to-wit, February 22, 1943. Appellee filed his controverting affidavit before appearance day, but after the plea of privilege was filed. We can see no objection to this.

■ However, we are of the opinion that the trial court erred in overruling appellant's plea of privilege. Appellee filed a verified account showing debits of $157,-413.36 and credits of $103,491.59, leaving a balance due him of $53,921.77. This verified account was denied under oath by appellant, thus appellee was confronted with the necessity of establishing each and every item of his account by legal and competent evidence. This he failed to do. Major v. Meinrath, Tex.Civ.App., 116 S.W.2d 861. Over appellant's objections, appellee was permitted, in effect, to testify that each and every item in the account was a correct charge against appellant. To illustrate, appellee's attorney was permitted to ask and secure an answer to the following question:

"Now, I have not gone into all the items on this account, but I will ask you to state again whether you examined this account and found the items in it correct charges for what you had done or money you had paid for the Interstate Minerals, this account that you swore to here? Answer: Yes, sir."

■ Appellee admitted that the account was made up from books and records which he had. Appellant urged that such books and records would be the best evidence. The trial court overruled this objection and permitted appellee to testify as above pointed out. This was error and the evidence offered constituted no proof of a cause of action accruing in whole or in part in Zapata County. J. E. Ernest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325.

■ Appellee admitted that whatever account he might have against appellant was entitled to a credit of $103,491.59. Before he could show any cause of action he would have to establish an account of a greater sum than the admitted credits. Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91; Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233; Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823.

■ The first item in appellee's account is one of $50,000, described as "Proceeds of sale of 91⅔ shares of Interstate Minerals, Inc., stock by Glen Harroun to A. J. Hinman for $50,000 advanced to corporation by Glen Harroun and to be repaid to him by corporation when financial position of corporation would permit such payments without detriment to its operations and solvency, * * *." There is no evidence to establish this item as a claim against the corporation. There is no legal or competent evidence that the corporation as such ever entered into such a contract with appellee. Appellee testifies that he and Dr. Hinman had such an understanding but he does not even testify that the directors or other officers of the corporation ever agreed to be bound by such an understanding. Neither does he testify or offer other evidence that the corporation is now or has ever been in such financial position to pay this amount without detriment to its operations and solvency and un-

til such facts are shown the indebtedness would not become due and payable.

 Appellee contends that inasmuch as appellant's application for a Texas permit and the instrument appointing its agent for service, showed its home office, residence and domicile to be in Harris County, it cannot claim privilege to be sued in any other county. We overrule this contention. Appellee admitted that appellant corporation opened its office in New Braunfels, Comal County, in 1939, and since such time had not maintained an office at any other place.

The order of the trial court will be reversed and judgment here rendered granting the plea of privilege and ordering the venue changed to Comal County, Texas. The Clerk of the District Court of Zapata County is directed to transfer this cause to the District Court of Comal County in the manner provided by Rule No. 89, R.C.P.

Reversed and rendered.