## LINDSEY et al. v. MANNING et al.

### No. 4547.

Court of Civil Appeals of Texas. Beaumont.

Oct. 28, 1948.

Rehearing Denied Dec. 1, 1948.

Fisher & Qonahill, of Jasper, and Charles S. McMillan, of San Augustine, for appellants.

McLeroy & McLeroy, of Center, for appellees.

COE, Chief Justice.

This is an appeal from an order of the District Court of San Augustine County overruling motion of appellants for permission to file a controverting affidavit controverting the pleas of privilege filed by the appellees after the time had expired for filing same, as provided for in Rule 86, Texas Rules of Civil Procedure.

Appellants, Stanley L. Lindsey and John C. Lindsey, filed suit in the District Court of San Augustine County on October 13, 1947 against the appellees, C. A. Manning and Rayford Williams, for damages for personal injuries and damages to property as the result of a collision between an automobile driven by appellant Stanley L. Lindsey and one driven by Rayford Williams alleged to have been owned by appellee Manning.

Citations were issued and appellee Manning was served on November 29, 1947 and appellee Rayford Williams was served on November 28, 1947, and each timely filed their separate pleas of privilege to be sued in the county of their residence, to-wit, Shelby County, Texas. These pleas were filed on December 17, 1947. On January 14,

1948 appellants filed a motion for an extension of time in which to file their controverting affidavits and simultaneously with such filing they filed controverting affidavits to each of appellee's pleas of privilege. Thereafter on March 22, 1948, upon a hearing, the trial court overruled appellants' motion for an extension of time in which to file their controverting affidavits and ordered the case transferred to the District Court of Shelby County, the county in which appellees reside, reciting in his order that plaintiffs (appellants here) have failed to controvert such pleas of privilege by controverting affidavits filed within the time and in the manner required by law, and that no just cause is shown by plaintiffs in first motion for extension of time for filing such controverting affidavits to the pleas of privilege filed herein. From this action of the court the appellants have perfected their appeal, which is predicated on the points that the court should not have ordered the cause transferred to the county of defendants' residence without a hearing on the pleas of privilege for plaintiffs timely filed their controverting pleas; (2) that the court abused his discretion in not allowing plaintiffs leave to file their controverting pleas as plaintiffs showed good cause for delay in filing same. It appears that two sets of citations were issued to defendants, the first were issued on October 13, 1947 and were returned unserved because they were defective. Citations were again issued on the 24th day of November, 1947, and were served on November 28th and 29th as above set out. These citations, with the Sheriff's return, were not filed in the office of the District Clerk of San Augustine County until January 17, 1948, one month after defendants had filed their pleas of privilege and three days subsequent to the date appellants filed their motion for an extension of time.

It appears that appellants were originally represented by a firm of attorneys living in Jasper, Texas; that one of the members of said firm requested a friend who resided in San Augustine and who was also an attorney to attend to getting citations issued and forwarding them to the Sheriff of Shelby County, which was done, and a request made to the Sheriff of Shelby County to return the citations to the San Augustine attorney after he had perfected service.

We are unable to agree with appellants' contention that their controverting pleas were timely filed. Appellants contend that under Rule 86, T.R.C.P., they had 10 days after appearance day or within 10 days after defendants filed their pleas of privilege, whichever is the latter date, in which to file controverting affidavits or pleas and that since, no citations were returned with the Sheriff's returns thereon showing when appellees were served with citations that they were unable to know what day appearance day would be. It is conceded that the District Court of San Augustine County was in session at all dates material to this suit, therefore appearance day is and was the date provided for in Rule No. 237, T.R.C.P. The citations served upon defendants required them to appear and answer on Monday next after the expiration of 20 days from the date of service thereof as provided for in Rule 101, T.R.C.P. Rule 237, T.R.C.P., provides that a defendant who has been duly cited who is by the citation required to answer on a day which is in term time such day is appearance day as to him. If he is so required to answer on a day in vacation, he shall plead or answer accordingly, and the first day of the next term is appearance day as to him. It therefore follows that appearance day for the appellees was on Monday next following the expiration of 20 days from the date of service which was in this instance December 22, 1947. Appellants' controverting pleas were neither filed within the 10 days after December 22, 1947 nor within the 10 days from the filing of the pleas of privilege. Therefore, we overrule appellants' contention that their controverting pleas were timely filed. Interstate Minerals Corporation, Inc., v. Harroun, Tex.Civ.App., 173 S.W. 2d 547; Younger Bros. Inc., v. Power, Tex.Civ.App., 92 S.W.2d 1147.

Appellants' contention that the trial court abused its discretion in overruling their motion for an extension of time and refusing to allow plaintiffs to file their controverting pleas, contending that they had shown good cause for delay in filing same is also overruled.

It appears that one of appellants' attorneys who resided in Jasper, after having directed his attorney friend in San Augustine to forward the citations to the Sheriff of Shelby County for service, made no inquiries of such Sheriff as to whether service had been perfected. It seems, however, that on or about December 15, 1947, one of appellants' attorneys wrote to a brother attorney who lived in the county seat of Shelby County inquiring as to whether the Sheriff had been able to serve appellees with citations. It does not appear what, if any, information he received from this source. It further appears that on or about the same date or soon thereafter the same attorney made inquiry of the District Clerk of San Augustine County as to whether citations had been returned and was informed that they had not been.

Thereafter on January 3, 1948 appellants' attorneys learned that appellees' pleas of privilege had been filed, and as heretofore stated, they did not file their motion for an extension of time in which to file controverting affidavits, nor the affidavits themselves until the 14th day of January, 1948. It follows, therefore, that after receiving actual knowledge of the filing of the pleas of privilege that no effort was made to controvert the same within the time prescribed by Rule 86, T.R.C.P. While we do not agree with appellants that this court should say that the trial court abused its discretion in overruling appellants' motion for an extension of time within which to file their controverting pleas, we feel that their motion was not wholly without merit. It was agreed that the appellees did not mail to the attorneys for appellants a copy of the pleas of privilege at or before the time of filing same. Copies, however, were filed in the papers in the cause. It was held in Three Bee Investment Corporation v. Galveston-Houston Co., Tex.Civ.App., 166 S.W.2d 382, that the failure of the defendants' attorney to furnish the attorneys for plaintiffs copies of their pleas of privilege was sufficient good cause for the trial court permitting a delayed filing of the controverting pleas. However, we have been cited no case holding that such failure entitles a plaintiff to an extension of time in which to file his controverting plea, as a matter of

law, and had the trial court in this instance permitted the filing of a controverting affidavit his action would find support in this authority. See, also, Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147.

We are convinced that the facts of this case are not such as would justify this court in holding that the trial court abused its discretion to such an extent as to require a reversal of his judgment.

The judgment is therefore affirmed.