**COUCH v. SCHLEY.**

No. 3073.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1953.

William H. Wren, Hamilton, for appellant.

H. J. Cureton, Jr., Meridian, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Hamilton County, sustaining a Plea of Privilege to be sued in Coryell County, Appellee's place of residence. Appellant was excavating for Appellee on Appellee's property in Coryell County and dug up a jar containing $1000 in currency. Appellee asked Appellant for this money and was refused. They then by agreement brought the money to Hamilton, Hamilton County, and turned the money over to a Hamilton attorney to hold as a stakeholder, and to return the money to them. Appellee next day obtained the money from the stakeholder and took same to Dallas to have the FBI and the Federal Reserve Bank look at it in an attempt to determine if it were stolen money, and if the true owner could be identified. Appellant filed suit in Hamilton County against Appellee alleging the above, and further that Appellee was guilty of conversion, trespass, and fraud in obtaining the $1000 from the stakeholder. Appellee filed a plea of privilege to be sued in Coryell County, his place of residence. Appellant filed a controverting plea seeking to hold venue in Hamilton County by virtue of Exceptions 7 and 9 to Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 7-9, the Venue Statute.

The trial court sustained the plea of privilege and Appellant appeals on 2 points in which he contends the venue facts: 1) were sufficient to show a conversion in Hamilton County, and 2) were sufficient to establish fraud committed in Hamilton County.

Appellant contended that he established a prima facie case of trespass, conversion, and fraud—sufficient to establish a substantial controversy over the questions—and that such is sufficient to retain venue in Hamilton County.

With Appellant's contentions we cannot agree.

"It is well settled that with the venue challenged, under proper plea, by one sued without his County, the burden not only to allege *but to prove that the case is within one of the exceptions to the statute rests on plaintiff * * * and to defeat the plea of privilege, he must both *plead* and *prove* the *facts* relied on to bring the case within one of the exceptions." "The issue made is tried in the ordinary way, and the truth as to the facts in issue is to be ascertained by the introduction and weighing of evidence offered by both sides. In short, a plaintiff seeking to maintain venue in another county must prove by a preponderance of the evidence the facts that bring his cause within one of the exceptions to Article 1995." "Proof of the fact of the commission of the crime, offense, or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense, or trespass is under the terms of this exception a part of the venue facts." Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91, 93; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823. A plaintiff in seeking to maintain venue in another county must *practically prove his case as he would on final trial*, and it is *not* sufficient that he make out a prima facie case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, (Com.App.).

In the case at hand the venue facts must therefore be two-fold: 1) That acts did occur which actually constituted a trespass, conversion or fraud; 2) that they occurred in Hamilton County.

The trial court determined from the evidence adduced upon the hearing that the Appellee had *not* converted the money,— had *not* committed a trespass or a fraud within the exceptions to the Venue Statute.

We believe that the trial court is sustained by the evidence.

On appeal from a judgment sustaining or overruling a plea of privilege the action of the Court of Civil Appeals in reviewing such findings made by the trial court is the same as in any other appealed case, Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91.

The judgment is affirmed.