Mercedes VILLARREAL, Appellant,

v.

Jose Aquinardo GARCIA, Appellee.

No. 13115.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 10, 1956.

Frank Alvarado, Henry Beltran, San Antonio, for appellant.

Lewright, Dyer & Redford, Corpus Christi, Davis, Clemens, Knight & Weiss, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a plea of privilege suit. A collision occurred in Waller County, Texas, between two trucks, one owned and driven by Mercedes Villarreal, the appellant herein, and the other by Jose Aquinardo Garcia. Neither party lives in Waller County. Appellant returned to his home in Bexar County and instituted this cause in the District Court of Bexar County. In his petition he alleged that appellee resided in Starr County, Texas, and citation was issued and served on appellee in that county.

Appellee duly filed his plea of privilege alleging his residence to be in Nueces County and asking that the cause be transferred to that county. This plea of privilege was prima facie evidence of appellee's right to have the cause so transferred.

Appellant controverted this plea and undertook to hold venue in Bexar County under Subdivision 3 of Article 1995, Vernon's Ann.Civ.Stats., reading as follows:

"Non-residents; residence unknown. —If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

At the hearing appellant testified in effect that at the time of the collision in Waller County, appellee gave him an address in Starr County where he could be reached. Appellant alleged in his petition that appellee resided in Starr County, Texas. A citation was sent to Starr County and served upon appellee there. Appellant further testified that he did not know where appellee resides. Under all the facts, this was insufficient to sustain venue in Bexar County under said Subdivision 3.

Appellant asked in the alternative that if venue was not retained in Bexar County, that the suit be transferred to Waller County where the accident occurred. While appellant had the right to bring the suit in Waller County and maintain venue there, if he could meet the requirements of Subdivision 9 or 9a of Article 1995, Vernon's Ann.Civ.Stats., he did not do so, but elected to file it in Bexar County. Appellant having failed to show venue in Bexar County, appellee's verified plea of privilege gave him the right to have the cause transferred to Nueces County.

The trial court properly granted appellee's plea of privilege and the order appealed from is affirmed.