**Frank LYNCH et al., Appellants,**

v.

**Virga MILLICAN et al., Appellees.**

**No. 3434.**

Court of Civil Appeals of Texas.

Waco.

July 18, 1957.

Martin & Martin, Hillsboro, for appellants.

Reuben Senterfitt, San Saba, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Hill County overruling pleas of privilege filed by defendants, and involving Exceptions 9 and 9a of Article 1995, R.C.S. Vernon's Ann.Civ.St. art. 1995, subds. 9, 9a. Parties will be referred to as in the Trial Court.

Plaintiffs brought this suit for personal injuries sustained by them in an automobile collision occuring in Hill County. Plaintiffs alleged that the defendant McNutt was operating the other vehicle and with.

the consent and under the supervision of defendant Lynch; that defendant McNutt was negligent in:

1) Driving onto plaintiffs' side of the highway.

2) Blocking highway on plaintiffs' side thereof.

3) Failing to keep his car under proper control.

4) Driving faster than prudent.

5) Driving so fast he could not keep his car under control.

6) Failing to keep a proper lookout.

7) Failing to keep his car on the right side of the highway.

8) Driving the car while under the influence of intoxicants.

9) Failing to properly apply the brakes.

That defendant Lynch was negligent in:

1) Allowing defendant McNutt to operate the car while under the influence of intoxicants.

2) Allowing defendant McNutt to operate the car while defendant Lynch was under the influence of intoxicants.

Plaintiffs further alleged that the foregoing acts of alleged negligence were the proximate cause of plaintiffs' injuries.

Defendants McNutt and Lynch filed pleas of privilege to be sued in Navarro County, the county of their residence. Plaintiffs controverted the defendants' pleas of privilege, alleging venue was in Hill County under Exceptions 9 and 9a of art. 1995, R.C.S.

Trial was before the court without a jury, which, after hearing, overruled both defendants' pleas of privilege.

Defendants appeal, contending that the Trial Court erred in holding, contrary to the undisputed evidence before it that venue as to defendants was in Hill County under Exception 9 or 9a, Article 1995, R.C.S.

We quote the foregoing exceptions:

Subdivision 9. "Crime or trespass.— A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive."

Subdivision 9a. "Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred * * *. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

It is well settled that with the venue challenged, under proper plea, by one sued without his county, the burden not only to allege, *but to prove* that the case is within one of the exceptions to the statute rests on plaintiff * * * and to defeat the plea of privilege, he must both *plead* and *prove* the *facts* relied on to bring the case within one of the exceptions. The issue made is tried in the ordinary way, and the truth as to the facts in issue is to be ascertained by the introduction and weighing of evidence offered by both sides.

In short, a plaintiff seeking to maintain venue in another county must prove by a preponderance of the evidence the facts that bring his cause within one of the exceptions to Article 1995. Proof of the fact of the commission of the crime, offense or trespass, or of the negligence (and that it was a proximate cause) is as essential as is proof of the place where it was committed. The commission of the crime, offense, trespass, or negligence, together with proximate cause, is under the terms of this exception a part of the venue facts. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823. A plaintiff in seeking to maintain venue in another county must *practically prove his case as he would on final trial, and it is not sufficient that he make out a prima facie case.* Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300. On appeal in a venue case the action of the Court of Civil Appeals in reviewing the case is the same as in any other appealed case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. See also Couch v. Schley, Tex.Civ.App., 255 S.W.2d 885.

■ From the foregoing we hold that the venue facts in the case at bar are: 1) Acts did occur which actually constituted crime, trespass, or negligence. 2) If negligence, that such occurred in Hill County. 3) If negligence, that such negligence was a proximate cause of plaintiff's injuries.

Reverting to the pleadings, plaintiffs alleged two principal acts of negligence against defendant McNutt, viz.: 1) That he drove his car onto plaintiffs' side of the road; 2) that he was under the influence of intoxicants; and two acts of negligence against defendant Lynch, viz.: 1) that he allowed defendant McNutt to drive while McNutt was under the influence of intoxicants, 2) that he allowed defendant McNutt to drive while the defendant Lynch was under the influence of intoxicants.

(The evidence reflects that defendants McNutt and Lynch were both in the car at the time of the collision and that the collision took place in Hill County, Texas.)

A careful review of the record fails to sustain the allegation that defendant McNutt drove his car onto plaintiffs' side of the highway (or acts of alleged negligence numbered 1, 2, 3, 4, 5, 6, 7 or 9 in plaintiffs' petition). The only witnesses to testify were plaintiff Mrs. Millican, Sgt. McVane, Patrolman Bowling, and Joe Goode.

Mrs. Millican testified to the effect that she did not know in which lane the impact occurred, nor did she know how the cars were situated on the highway after the accident.

Sgt. McVane testified to the effect that he didn't see the accident, but that when he arrived the cars had not been moved, in his opinion, and that defendants' car was "definitely on its side of the road" and that "plaintiffs' car was more or less on its side of the road."

Patrolman Bowling testified that the impact was pretty close to the center stripe of the road; that plaintiffs' car was approximately two feet left of the center stripe (onto defendants' side of the road); that defendants' car was well on its own side of the road, the rear thereof sitting off the pavement; that the front part of plaintiffs' car was well over on defendants' side of the road.

The witness Goode testified that plaintiffs' car was over the line onto defendants' side of the road; that defendants' car was over on its own side of the road with its right front wheel almost off the shoulder. Mr. Goode further testified that he did not actually see the cars before they hit.

The record contains evidence that the defendants were under the influence of intoxicants, which is sufficient to sustain the allegation of negligence in driving the car while intoxicated as to defendant McNutt and the allegations of negligence alleged as to defendant Lynch. The record before

us will not, however, sustain the implied finding of the court that such negligence was a proximate cause of the plaintiffs' injuries. In fact, the record is completely absent any showing that the fact that defendants were intoxicated had anything to do with the collision. We think the record before us fails to show in which lane of the road the collision occurred, but suggests rather that it may have occurred on defendants' side of the road.

From the foregoing it follows that we think that the plaintiffs have failed to discharge their burden of establishing by a preponderance of the evidence the venue facts in this case necessary to maintain the suit in a county other than that of the defendants' residence as against their pleas of privilege. Negligence on the part of defendants has been shown to have occurred in Hill County, but as noted, such negligence has not been shown to be a proximate cause of plaintiffs' injuries, and we think the Trial Court erred in holding that venue as to defendants was in Hill County under Exceptions 9 and 9a. The cause is therefore reversed and remanded with instructions to transfer same to the District Court of Navarro County.

Reversed and remanded.