William YOUNG, Appellant,

v.

Earline YOUNG, Appellee.

No. 3777.

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1960.

Smith, Simonton & Griffin, Conroe. for appellant.

Lee Ducoff, Houston, for appellee.

McDONALD, Chief Justice.

This is a venue case involving Sub. 9, Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9. Plaintiff, Earline Young, sued defendant, William Young, in Harris County, Texas, alleging that defendant was withholding possession of certain properties belonging to plaintiff and prayed for judgment for title and possession to such properties. Defendant filed his plea of privilege to be sued in Montgomery County, the county of his residence. Subject to his plea of privilege, defendant filed his answer. Plaintiff thereafter filed a controverting affidavit alleging that defendant was guilty of a conversion of the properties sued for under the facts and that venue lay in Harris County under Subdivision 9, Article 1995, R.C.S.

The Trial Judge set such matter for hearing and entered judgment overruling defendant's plea of privilege, reciting: " * * and came the parties and announced ready for trial, and the court having heard and considered such plea of privilege and controverting plea, and argument of counsel thereon, and being of the opinion that the plea should be overruled, it is accordingly Ordered, Adjudged and Decreed that such plea of privilege be and the same is overruled * * *."

The Trial Court heard no evidence on the trial of the matter from either side.

Defendant appeals, contending that the Trial Court erred in overruling his plea of privilege when no evidence was presented to the court establishing a trespass or conversion in Harris County, the county in which suit was instituted.

Subdivision 9, Article 1995, R.C.S. provides:

"Crime or trespass—A suit based upon a crime, offense, or trespass may be ·'brought in the county where such crime, offense, or trespass was committed * * * or in the county where the defendant has his domicile. * *."

 It is well settled that with the venue challenged, under proper plea, by one sued without his county, the burden not only to allege, *but to prove* that the case is within one of the exceptions to the statute rests upon the plaintiff, and to defeat the plea of privilege, he must both *plead* and *prove* the *facts* relied on to bring the case within one of the exceptions.

The issue is tried in the ordinary way, and the truth as to the facts in issue is to be ascertained by the introduction and weighing of evidence. In short, a plaintiff seeking to maintain venue in another county than the county of defendant's residence must prove by a preponderance of the evidence facts that bring his cause within one of the exceptions to Article 1995. Proof of the fact of the commission of crime, offense, or trespass is essential, as is proof of the place where such was committed. Proof of the crime, offense, or trespass is under the terms of this exception a part of the venue facts. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823. A plaintiff in seeking to maintain venue in another county must *practically* prove his case as he would on final trial, and it is not sufficient that he make out a prima facie case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Couch v. Schley, Tex.Civ.App., 255 S.W.2d 885; Lynch v. Millican, Tex.Civ.App., 304 S.W.2d 410;

City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466; Brown Express v. Arnold, 138 Tex. 70, 157 S.W.2d 138.

The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions to Article 1995, and the burden rests upon the plaintiff under Exception 9, to both *allege* and *prove* that the case comes within the exception. See Massey v. Jones, Tex.Civ.App., 259 S.W.2d 646.

Since plaintiff offered no proof, defendant's contention is sustained; the judgment of the Trial Court is reversed, and judgment here rendered, transferring this case to the District Court of Montgomery County, Texas.

Reversed and rendered.