### PAN AMERICAN SIGN COMPANY, Appellant,

### v.

### J. B. HOTEL COMPANY et al., Appellees.

### No. 16723.

Court of Civil Appeals of Texas.

Dallas.

May 13, 1966.

Richard S. Woods, Dallas, for appellant.

John Peace, San Antonio, for appellees.

BATEMAN, Justice.

This appeal involves only the question of the proper venue of the case. The appellant Pan American Sign Company, claiming to hold an unsatisfied judgment against the appellee J. B. Hotel Company, sued that company and appellee E. J. Burke alleging that the former transferred its assets to the latter in fraud of creditors, that the transfer was void under Vernon's Ann.Civ.St., Art. 3997, and prayed that it be so adjudicated and set aside, for the appointment of a receiver and for general and special relief. Both defendants filed pleas of privilege, J. B. Hotel Company praying for transfer of the cause to Bexar County, where it resided, and Burke praying that it be transferred to Webb County, where he resided.

Appellant controverted the Hotel Company's plea on the ground that the suit was maintainable in Dallas County against the other defendant, E. J. Burke, under subdivision 3 of Art. 1995, V.A.C.S, and was therefore maintainable there against the Hotel Company, a necessary party, under subdivision 29a of Art. 1995.

Subdivision 3 provides that if a defendant resides without the State or if his residence is unknown he may be sued in the county in which the plaintiff resides. Subdivision 29a provides that when there are two or more defendants, and the suit is lawfully maintainable in the county of suit as to any of such defendants, it may be maintained in such county against any and all necessary parties thereto.

After due notice and hearing, the court sustained both pleas of privilege. By its first two points of error on appeal the appellant asserts that there was no evidence to support the sustaining of either plea of privilege, as the applicability of exceptions 3 and 29a was established by the uncontroverted evidence.

The only evidence offered by appellant to prove that Burke's residence was unknown was the testimony of its attorney, Mr. Richard S. Woods, who said that he tried to determine Burke's residence by examining the telephone directories for San Antonio and Laredo, Texas, but found only E. J. Burke, Jr. listed in San Antonio; that John E. Fitzgibbon, an attorney in Laredo, Webb County, Texas, advised him that Burke "was out of the State." Citation in this cause was sent to the Sheriff of Bexar County for service on Burke, but was returned unserved. A citation was served on Elmore Borchers, a Webb County Attorney described by the Sheriff of Webb County as the attorney representing E. J. Burke, after which answers were filed.

On cross-examination Mr. Woods testified that while in Laredo before January 31, 1964 in connection with another cause he attempted unsuccessfully to locate Burke's address by visiting with the deputy sheriff who serves citations. He made no attempt to locate Burke anywhere else besides San Antonio at that time and made no trips to San Antonio to ascertain whether he could be located at the residence of his son, or that of his daughter, or anybody who might assist him in locating Burke.

Appellant proved that its residence was in Dallas County, Texas, and also introduced in evidence a letter dated March 20, 1964 from the Sheriff of Webb County, Texas, to appellant's attorney, as follows:

"We do not know when E. J. Burke became a citizen in Oklahoma. It seems that he travels extensively. However, his son, E. J. Burke, Jr. does live in San Antonio. Whenever our office can assist you in any way just call on us."

There was other testimony, introduced by appellees, to the effect that in the years 1961, 1962 and 1963, and on January 31, 1964 (when this suit was filed) Burke lived at the Sands Motel, in Laredo, Texas, although on that date he was recuperating from a serious operation he had in Houston, Texas. His tax returns are prepared in Laredo, where he is well known. He had a Mercury station wagon registered in Webb County, Texas, as well as other interests in Laredo and in Nuevo Laredo, Mexico. He had a post office box in Laredo.

The burden of proof was on appellant to show by a preponderance of the evidence that Burke's residence was unknown to it at the time this suit was filed. This was a venue fact which it had to prove; a prima facie case was not sufficient. Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91; Couch v. Schley, Tex.Civ.App., 255 S.W.2d 885, no wr. hist. To carry this burden appellant relied wholly on the testimony of its attorney, who said that he was the only person with appellant who was "concerned with the whereabouts of Mr. Burke." He may have intended that statement to mean that none of those in charge of appellant's business, other than himself, knew where Burke's residence was, and that he was the only one who made any effort to ascertain it; but the trial court could have interpreted it to mean that he was the only one connected with the company who *cared* where it was; that others in the company may have known where it was but were not "con-

cerned" about it. Moreover, one's place of residence may be well known but his present "whereabouts" quite unknown.

The trial court filed no findings of fact or conclusions of law. The state of the evidence was such as to warrant the implied finding that appellant failed to carry its burden of proving that Burke's residence was unknown to it at the time of filing the suit. That being true, we have no authority to disturb the same or the order based thereon. Ex parte Head, Tex.Civ.App., 102 S.W. 2d 1101, no wr. hist.

■ It is a well established rule that a person's right to be sued in the county of his residence is a valuable right, of which he should not be deprived unless it is shown by a preponderance of the evidence that the case comes under some "exception" to the rule.

"Another rule of law long recognized in this State is that where a case is tried to the court, as here, and no findings of fact or conclusions of law are filed, the judgment will be affirmed if there is any ground to support it, upon any theory in the case; every issue in the case must be resolved in support of the judgment. So, too, *where the evidence is uncontroverted,* and where its weight and credibility on the issues involved raise a reasonable doubt in the mind of the judge, as the trier of facts, his judgment must be affirmed." Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W. 2d 897, no wr. hist. (Italics ours.)

Moreover, the trial court may have concluded that appellant failed to exercise the reasonable diligence to ascertain Burke's residence, which the law requires. For appellant or its attorney merely to say they do not know where a defendant resides is insufficient. Villarreal v. Garcia, Tex.Civ. App., 294 S.W.2d 754, no wr. hist.

■ Moreover, the testimony of appellant's attorney, though in most respects un-contradicted, was not necessarily binding on the trial court. Burke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Tex.Civ.App., 346 S.W.2d .663, no wr. hist. The trial court could accept as true all that the witness said and still find that Burke's residence was not shown by a preponderance of the evidence to be unknown to appellant's management, or that appellant had not exercised sufficient diligence to ascertain the same.

■ It is argued that, even if the suit were maintainable in Dallas County against Burke under exception 3, the Hotel Company was not shown to be a necessary party to the suit against Burke. The Hotel Company admitted the transfer of the notes to Burke, but denied that it was fraudulent. The fraudulent nature of the transfer, within the meaning of Art. 3997, V.A.C.S., was an essential venue fact, but it was not shown. There was no evidence that appellant was a creditor of the Hotel Company, or of a lack of valuable consideration for the transfer, or of the Hotel Company's insolvency at the time thereof. Therefore, so far as the Hotel Company was concerned, at least, an essential venue fact was not proved.

Moreover, it appears that the Hotel Company retained no interest in the notes it transferred to Burke. It was therefore not a necessary party to the suit. "And the fraudulent grantor is a proper but, it seems, not an indispensable party to the suit at least if he retains no interest in the property." 20–A Tex.Jur., Fraudulent Conveyances, § 169, pp. 617–618. See also United States Gas & Oil Co. v. Duffy, Tex.Civ. App., 8 S.W.2d 278, no wr. hist.; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 763–764; Keene v. Hale-Halsell Co., (C.A.–5), 118 F.2d 332; Birdwell v. Butler, 13 Tex. 338; and 26 Tex.Jur.2d, Fraudulent Conveyances, § 152, p. 444.

Appellant's first two points of error are overruled.

Appellant in its third point of error says that it was error to sustain Burke's plea of privilege on the basis of exception 14 to Art. 1995. Burke had alleged, in his plea of privilege, that the suit is maintainable *only* in Webb County, Texas, under subdivision 14, Art. 1995, as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The property which appellant alleged had been fraudulently transferred to Burke by the Hotel Company consisted of two promissory notes alleged to be secured by the vendor's lien and a deed of trust lien on a certain motor hotel in Webb County. This is obviously not a suit coming within the provisions of exception 14. Appellees do not even argue in their brief that it is. If the court sustained Burke's plea on the theory that exception 14 was applicable, error was committed, but we find nothing in the record to indicate that this was the basis for the court's action. The third point is therefore overruled.

Affirmed.