Benjamin M. HOLMES et al., Appellants,

v.

RED ARROW FREIGHT LINES et al.,
Appellees.

No. 5014.

Court of Civil Appeals of Texas,
Waco.

April 15, 1971.

Rehearing Denied May 6, 1971.

Roy Simmons, Mexia, John D. Griggs, Wilson, Berry & Jorgenson, Dallas, for appellants.

Naman, Howell, Smith & Chase, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment sustaining defendants Dunn and Red Arrow's pleas of privilege to be sued in Dallas County, the county of their residence, and involves Subdivision 9a, Article 1995 Vernon's Ann.Tex.St.

Holmes and Tanner, plaintiffs, sued Red Arrow Freight Lines and its driver Dunn, for injuries sustained by plaintiffs, when the automobile driven byHolmes in which Tanner was a passenger, was in collision with a truck owned by Red Arrow and driven by Dunn. The collision occurred in Limestone County in the city limits of Mexia on Highway 14 on November 29, 1968.

Holmes, a peace officer arrested Tanner at a night club in Mexia, handcuffed him, put him in the front seat of his car, turned onto Highway 14, and came into collision with defendant's truck which was traveling north. Defendants admitted Dunn was driving Red Arrow's truck in the course and scope of his employment.

The trial court after hearing sustained Dunn and Red Arrow's pleas of privilege and ordered the cause as to each defendant transferred to Dallas County.

Plaintiffs Holmes and Tanner appeal on 2 points:

1) The trial court erred in sustaining defendant's pleas of privilege when plaintiffs proved a legal right of theirs had been violated as a result of a particular wrongful act of defendants.

2) The trial court erred in sustaining defendants' pleas of privilege when plaintiffs proved by a preponderance of the evidence their essential venue facts.

The issue is whether the trial court's implied finding that defendants committed no act of negligence in Limestone County, proximately causing plaintiffs' injuries, is

against the great weight and preponderance of the evidence.

The only evidence is testimony by deposition of plaintiffs Holmes and Tanner, and defendant Dunn.

Dunn testified the accident happened when the car driven by Holmes pulled without stopping, onto the highway in front of defendants' truck; that when he first saw Holmes' car coming onto the shoulder of the road he (Dunn) applied his brakes and tried to stop; that after he saw Holmes vehicle was not going to stop and was going to come upon the road, he (Dunn) veered over to his left to attempt to avoid collision; that he had been traveling about 50 mph but had slowed down to about 30 mph at the time of impact; that when he first saw the Holmes car he (Dunn) had his truck in the center of his lane of traffic headed north; that at impact his left front wheel was 4 or 5 feet to the left of the center line of the highway because he had veered to the left in an attempt to miss Holmes' car. Defendants' truck laid down 65 steps of skid marks, 42 of which were prior to impact and were in defendants' lane of traffic.

Tanner testified he saw the truck coming and said to Holmes "theres a truck coming", and at that time Holmes' automobile was "pulling up on the highway", and when asked if Holmes stopped his car when he got to the edge of the highway Tanner replied, "Well, I don't know for sure if he ever stopped rolling or not, when I told him the truck was coming evidently he didn't know how close the truck was or how fast it was going. He thought maybe we could· make it"; "and he pulled out on the road and the truck ran over us".

Holmes testified he was called to the Clover Club; that Tanner "acted violently and fought everyone around, and they had to struggle to get the handcuffs on him and get him into the police car"; that Tanner did not bother him or fight with him from the time he was put into the squad car until he had gotten onto the highway into his lane of traffic, and then

Tanner started hitting him with his handcuffs and giving him trouble. Holmes further testified he did not stop before going onto the highway; and that he could have made it onto the highway if Tanner had not hit him with the handcuffs "just as I made my turn to go upon the highway"; and further "I backed out and went across to my lane and (Tanner) hit me with them handcuffs, and that's what caused the wreck".

The trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony.· He found plaintiffs failed to prove defendants committed an act of negligence proximately causing the collision. Such finding has ample support in the record and is not against the great weight and preponderance of the evidence. See Couch v. Schley, Tex.Civ.App., (NWH) 255 S.W.2d 885; Lynch v. Millican, Tex.Civ.App., (NWH) 304 S.W.2d 410; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

Plaintiff's points are overruled.

Affirmed.

WILSON, J., not participating.