STEPHENS et ux. v. HANNAH CONST. CO. et al.

No. 3171.

Court of Civil Appeals of Texas. El Paso.
March 14, 1935.

Rehearing Denied April 18, 1935.

R. Neill Walshe, Henry T. Moore, and Robert L. Holliday, all of El Paso, for appellants.

Kyle Vick, of Waco, and Turney, Burges, Culwell & Pollard, of El Paso, for appellees.

HIGGINS, Justice.

Andrew J. Stephens and wife brought this suit against R. Hannah, doing business as the Hannah Construction Company, Fred Hall, and Dan Hall, individually and as partners, the Great American Indemnity Company, a corporation, and W. A. Thomasson of Hudspeth county, Tex., to recover damages for the alleged negligent killing of plaintiffs' minor son, William N. Stephens. Hannah and the Halls filed pleas of privilege to be sued in McLennan county. The pleas were controverted. The court declined to hear evidence offered by the plaintiffs in support of their controverting affidavit, being of the opinion that the issue for determination was one of law upon the pleadings. The pleas were sustained, from which ruling the plaintiffs appeal.

Briefly stated, the plaintiffs' petition discloses the following facts: Hannah, doing business as the Hannah Construction Company, Fred Hall, and Dan Hall, individually and as partners, entered into a contract with the state of Texas and the state highway commission to construct a section of a state highway in Hudspeth county. The Hannah Construction Company and the Halls, as principals, and the Great American Indemnity Company, as surety, entered into a bond in the penal sum of $26,608.28, in favor of the state of Texas, represented by the state highway engineer, conditioned, among other things, that said principals should pay and discharge all liabilities for injuries incurred in the construction work mentioned. Thereafter the Hannah Construction Company and the Halls contracted with the defendant Thomasson to do the work required by said contract as an independent contractor. The deceased, William N. Stephens, was an employee of Thomasson, engaged in the construction work aforesaid. Allegations were made showing that said Stephens, while in the course of his employment, working upon said highway, sustained personal injuries in Hudspeth county through the active negligence of Thomasson, causing the death of said Stephens.

### Opinion.

The assignments and propositions upon which appellees present their appeal are to the effect: (1) Error in refusing to hear evidence offered by plaintiffs in support of their controverting affidavit and in sustaining such pleas as upon demurrer thereto; (2) error in sustaining the pleas because the defend-

ant Thomasson is a resident of Hudspeth county, wherefore the other defendants are properly joined and suable in that county; (3) the venue was properly laid in Hudspeth county because the action is founded upon a trespass committed within said county.

The first assignment presents no error if the plaintiffs' pleadings were legally insufficient to support the venue in Hudspeth county.

Appellants invoke subdivisions 4, 9, and 29a of the venue statute (article 1995, R. S., as amended [Vernon's Ann. Civ. St. art. 1995]).

Venue as to Thomasson is properly laid in Hudspeth county because the trespass complained of was committed in that county and the further fact that he resides there. Thomasson was doing the construction work as an independent contractor. The liability of the Hannah Construction Company and the Halls is not in tort. While the trespass upon the person of the deceased is an essential element of the plaintiffs' cause of action, the liability sought to be enforced against the defendants other than Thomasson arises upon their contract evidenced by the bond. As against them the action is founded upon such bond. Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Tabor v. McKenzie (Tex. Civ. App.) 49 S.W.(2d) 874.

The venue in Hudspeth county was not properly laid in Hudspeth county by virtue of subdivision 9 alone.

Subdivision 29a has no application because said defendants were not necessary parties to the action against Thomasson. First Nat. Bank v. Pierce (Tex. Com. App.) 69 S.W.(2d) 756, 758.

In the case last cited Judge Harvey said: "The bank and Myrick jointly committed the trespass and are jointly and severally liable therefor. In respect of liability for the trespass, neither the bank nor Myrick may not be an absolutely necessary party to the suit against the other, but both are proper parties. Whatever seeming discord may exist among the authorities as to the effect of subdivision 4 in other respects, all agree that, by virtue of this subdivision, a suit to enforce a joint and several liability against two or more defendants may be brought in the county where one of said defendants resides."

While the liability of Thomasson arises ex delicto and the other defendants ex contractu, nevertheless there is such community of legal responsibility by all defendants for the damages sustained by the plaintiffs as to render all defendants jointly and severally liable therefor and suable in Hudspeth county where Thomasson, the defendant primarily liable, resides. First Nat. Bank v. Pierce, supra; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Page v. Schlortt (Tex. Civ. App.) 71 S. W.(2d) 886.

It follows the court erred in declining to hear evidence in support of the controverting affidavit.

Reversed and remanded.