### SAFETY CONVOY CO. v. LARGEN.

No. 9609.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Denied July 17, 1935.

Lewright & Lewright, of San Antonio, for appellant.

McCloskey & Wasaff, of San Antonio, for appellee.

SMITH, Justice.

This appeal is from an order of a district court of Bexar county overruling a plea of privilege of appellant, Safety Convoy Company, a corporation, alleged to be a resident of Harris county, and as having an office and agent in Bexar county.

The suit was originally brought by appellee, Dr. Douglas Largen, against Bull Stewart Equipment Company, a motor carrier, alleged to be a corporation domiciled in Harris county, with an office and agent in Bexar county, for damages for personal injuries alleged to have been sustained by him in a collision between his automobile and a truck owned by the carrier and operated by its agent, at a point "in or near" Jackson county, Tex.; and against Lloyds America, an insurance organization operating under statutes providing for such, upon its liability as indemnity insurer of the carrier. Both defendants answered with dilatory pleas, and on the merits.

At a subsequent term of the district court pending disposition of the original defendants' pleas, appellee filed an amended petition, in which he impleaded appellant, Safety Convoy Company, as a party defendant, alleging that it was interlocked, by corporate devices, with the Bull Stewart Company, from which it had purchased all its transportation equipment, but that both corporations were owned and operated by the same three persons, as stockholders, officers, and directors of both corporations.

Safety Convoy Company, hereinafter referred to as appellant, timely filed its plea of privilege, which was seasonably controverted by appellee, and upon a hearing appellant's plea was overruled. This appeal is from that order.

Venue as against appellant was laid and sustained by the trial court, solely by virtue of exception 29a of the general venue statute, article 1995, R. S. 1925, as added (Vernon's Ann. Civ. St. art. 1995, § 29a), as follows: "29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully

maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Acts 1927, 40th Leg., 1st Called Sess., p. 197, c. 72, § 2.

The twenty-third exception to the venue statute, providing for suit against a private corporation in any county in which it has an agency or representative, was not invoked by appellee, nor was any evidence offered upon the hearing to bring appellant within that exception. So the appeal must rest upon a showing under exception 29a.

The rule is that, in order to sustain venue against a nonresident defendant, under exception 29a, the plaintiff must prove, upon the hearing of the plea of privilege, a prima facie case of joint liability of both defendants, upon the cause of action asserted by the plaintiff. The court cannot look to the plaintiff's petition, or his controverting affidavit, for evidence to defeat the plea, but such evidence must be adduced independently of, and aside from, the pleadings, and it must be sufficient, in this case, to make a prima facie case of joint negligence and liability of both defendants, in accordance with the pleadings. And the burden of making such proof rests upon the plaintiff. Yantis v. Gilliam (Tex. Civ. App.) 62 S.W.(2d) 173; Brown v. Neyland (Tex. Civ. App.) 62 S.W.(2d) 227; Constance Douglas v. Jesse Williams, 83 S. W.(2d) 686, decided by this court on May 8, 1935, and authorities there cited.

Upon the hearing of the plea of privilege, the only evidence concerning the merits of the cause of action alleged, to wit, a collision between the truck and appellee's automobile, was embraced in the testimony of appellee himself, that on or about February 11, 1933, while driving his Buick car "from Houston," he had "an accident or collision * * * well, we had an accident," with a truck (which we may assume, for the purpose of this inquiry, was owned and operated by the defendant carriers). We quote from the statement of facts:

"The Court: Just state what happened. A. I was coming in from Houston, had three people, two dogs and four hundred pounds of baggage in the car, and I had just crossed two bridges and I was in a lane and I looked up and there was a car coming toward me, I did not have room to go around it.

"The Court: What kind of car was it? A. It was a truck. * * * *

"The Court: Did you have a wreck there, or what happened? A. Yes, sir, all the under pinning was torn loose from under my car and it is in the junk pile.

"The Court: Were you injured? A. Yes, sir, my face was cut up and nose broken and three ribs pulled loose from the cartilage."

It is obvious that this evidence did not make a prima facie case of joint or several liability against either or both of the parties defendant, conceding as true every other allegation of their ownership and operation of the offending truck. Under the statute and authorities, the court erred in not sustaining appellant's plea of privilege. The judgment is therefore reversed, and the cause remanded to the trial court. And, it appearing that appellant is not a necessary party to this suit, and the cause of action therein is severable as to appellant, the clerk of the district courts of Bexar county is directed to make certified copies of all the orders and original file papers in this cause, and forward the same to the clerk of the district courts of Harris county.

Reversed and remanded, with instructions.

### On Motion for Rehearing.

SMITH, Chief Justice.

Appellee complains, in his motion for rehearing, that the statement, in the original opinion, that appellee did not invoke the twenty-third exception to the general venue statute nor offer any evidence to support such exception, was erroneous. That statement, however, was correct. It is true that appellee alleged in his controverting affidavit that appellant, "a corporation, is a motor carrier within the terms and provisions of article 911b of the Revised Civil Statutes of the State of Texas, and has an office and agent in said Bexar County, Texas." Whether that allegation amounts to a sufficient invocation of the twenty-third exception need not be decided here, since there was no evidence that appellant in fact had an office and agent in Bexar county, where the suit was brought. Such proof was necessary to sustain venue under the twenty-third exception.

Appellee's motion for rehearing is overruled.