## TEXAS TRUST & SECURITY CO. v. DOTSON.

### No. 14312.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 5, 1941.

Rehearing Denied Jan. 23, 1942.

H. S. Lattimore and John A. Scott, both of Fort Worth, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, for appellee.

BROWN, Justice.

Dimple Dotson owned four shares of the capital stock of West Texas Utilities Company, a private corporation domiciled in the City of Abilene, in Taylor County, Texas.

She brought suit in the County Court of Fannin County, Texas, and made the above named Utilities Company, Texas Trust & Security Company, a private corporation, domiciled in the City of Fort Worth, in Tarrant County, Texas, and J. B. Lease and one ——— Markham, defendants.

She alleged that Lease and Markham are transient persons whose whereabouts are unknown to her, but that she believes and therefore alleges that service may be had upon said defendants—the alleged natural persons—in Tarrant County. This petition alleged the ownership of the shares of stock, and that on or about April 17, 1940, the said J. B. Lease, at her home in Fannin County, made certain false and fraudulent statements to her for the purpose of obtaining possession of said stock certificates; that she believed the representations made and relied upon them, and endorsed the same in blank and delivered them to Lease.

She further alleged that defendant Texas Trust & Security Company claims to have acquired possession of the four certificates of stock from a person by the name of ——— Markham; that Lease and Markham are one and the same person; that Texas Trust & Security Company had knowledge of the fraudulent acquisition of the certificates, or by the use of reasonable diligence could have ascertained such fact, and that said Company is not an innocent purchaser in good faith for value.

She prays for title to and possession of the certificates.

This petition was filed in July, 1940, and the process was returnable to the September term, 1940, of said county court. Such term of court began September 2, 1940, and ended October 26, 1940.

In due season Texas Trust & Security Company filed its plea of privilege to be sued in the county of its residence—Tarrant.

Miss Dotson filed a controverting affidavit in which she alleges all of the facts set up in her petition and urges that the acts of the person who secured possession of her shares of stock constitute theft; she next alleges that Lease, Markham, West Texas Utilities Company and Texas Trust

& Security Company are all necessary parties under subdivision 29a of Article 1995, Rev.Civ.Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 29a; that the suit is based upon fraud committed in Fannin County, and upon a theft committed in such County; and finally that the suit is against a private corporation and the cause of action, or a part thereof, arose in Fannin County.

█ It seems that counsel for the respective parties had some difficulty in getting the hearing set at a time agreeable to all counsel and their witnesses. The matter was set for September 18, 1940, and was passed at the instance of counsel for said Security Company.

Then there was correspondence and some face to face conversation about a hearing but the last written communication from counsel for the Security Company to counsel for Miss Dotson is dated September 24, 1940, and is couched in these words: "As stated in our last letter we will be pleased to accommodate you regarding the date of the hearing in the above matter. Please propose a date in October."

This letter was written in answer to one from counsel for Miss Dotson theretofore written, stating that they could not try the matter at the time suggested by counsel for the Security Company. Counsel for Miss Dotson did not reply to the above quoted letter, and there is no evidence in the record that counsel for the Security Company ever agreed to pass or continue the hearing on the plea of privilege beyond the said September, 1940, term of court.

There are statements to the effect that conversations were had over the telephone, but no effort is made to show what was said or agreed upon, if anything.

There is one statement to the effect that one of Miss Dotson's attorneys saw counsel for the Security Company during the month of December, 1940, in the Tarrant County Court House, and that he told such counsel that they could take the matter up with him at any time it would suit his convenience.

The term of court at which the plea of privilege hearing should have been had, had long since expired when this conversation was had and no showing of an agreement to pass the matter beyond such term is made in this record.

The trial court, without request by any party to the hearing, continued the matter "without prejudice", according to his testimony.

No such order, or orders, appear in the record before us.

According to the record before us the notations on the court docket show: "Sept. 3, 1940. Set for trial Sept. 18, 1940. 1–7–41. Set for 26th day of Feb. 1941, on plea of privilege. 3–7–41. Set for Thursday, April 10, 1941. 4–10–41. Motion for cost granted. 4–10–41. Motion to transfer filed by defendant overruled. 4–10–1941. Motion of the plea of privilege overruled, notice of appeal."

The plea of privilege should have been sustained and the trial court erred in overruling the motion to transfer the cause to Tarrant County. Austin Bridge Co. v. Wren, Tex.Civ.App., 297 S.W. 654, 655; Hall v. Butereg Co., Tex.Civ.App., 114 S. W.2d 403, 405; Klapuch v. Dickey, Tex. Civ.App., 91 S.W.2d 484.

█ There is another reason why the plea of privilege, considered on its merits, is well taken. Boiled down, what is the cause of action that the petitioner attempts to assert?

She sues two "transient persons", whom she alleges are one and the same person; she says they may be served with process in Tarrant County; she says this transient made false and fraudulent representations to her in Fannin County, for the purpose of obtaining possession of her personal property; that she believed and relied upon such representations and endorsed in blank the certificates of capital stock she then owned and delivered same to such person; that defendant Texas Trust & Security Company is claiming to have acquired possession of this personal property; that it had knowledge of the fraudulent acquisition of same, or it could, by the exercise of reasonable diligence, have ascertained such fact.

She sues for the title to and possession of the stock certificates.

If this were a suit for conversion, there is no proof of any participation on the part of Texas Trust & Security Company in the acts done in Fannin County, upon which the plaintiff relies to establish venue.

If the suit is one to recover for fraud, there is no proof of any participation by said Security Company in the fraud committed.

There is no merit in the contention that it is a suit against a private corporation

in which the cause of action, or a part thereof, arose in Fannin County.

If this were a suit based upon a crime committed in Fannin County, there is no proof that said Security Company participated in the crime. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, opinion adopted by Supreme Court; First Nat'l Bank of Coleman v. Gates, Tex.Civ. App., 213 S.W. 720; Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164.

For the reasons stated, the judgment of the trial court overruling the plea of privilege of defendant Texas Trust & Security Company, and said defendant's motion to transfer the suit as against it to the proper court in Tarrant County, is reversed and judgment is here rendered remanding the case to the trial court, with instructions to enter an order sustaining the plea of privilege filed by Texas Trust & Security Company, and transferring such cause as to said defendant to one of the County Courts at Law in Tarrant County.

Reversed and remanded with instructions.