**LLOYDS' CASUALTY, INSURER, v. GOIN et al.**

No. 14947.

Court of Civil Appeals of Texas. Fort Worth.

May 21, 1948.

Rehearing Denied July 9, 1948.

Chaney & Davenport, of Dallas, for appellant.

R. B. Gambill and John L. Sullivan, both of Denton, for appellee.

HALL, Justice.

This appeal is from an order of the District Court of Denton County, Texas, overruling appellant's plea of privilege on the 23rd day of February, 1948, in a case wherein appellees, Joe Goin et al., sued appellant, Lloyds Casualty, Insurer, a corporation, for damages for loss of a dwell-

ing and personal property alleged to have burned as a result of an explosion caused by the negligence of Lee Amyx, the resident defendant, his agents, servants and employees, while installing a propane gas unit and cooking stove in the home of appellees.

Venue was claimed by appellees under subsections 4, 9, 23, 28, and 29a of Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 4, 9, 23, 28, 29a. Appellees pleaded in general terms that Lee Amyx and appellant were necessary and proper parties, that a full and complete adjudication of all the wrongs complained of in their petition could not be had without the joinder of both defendants and that the said defendants are necessarily and properly joined for the purpose of avoiding a multiplicity of suits. Appellees alleged and proved that Lee Amyx, a defendant, was a resident of Denton County, Texas, where the cause of action arose; they also alleged and proved a cause of action against said resident defendant.

Appellant alleged, in its amended plea of privilege, that its residence was in Harris County, Texas. A copy of an insurance policy issued by appellant to Lee Amyx was introduced in evidence.

Appellee, Mattie Lee Goin, wife of appellee, Joe Goin, testified she had purchased a butane gas unit and a cooking stove from the resident defendant, Lee Amyx, and two of his men installed said equipment; that the gas tank was located approximately 15 ft. from the house and the pipe leading therefrom passed under the house and then up into the kitchen to the new stove; that she used the stove for a few days when she began to smell gas; that on the morning of the explosion she had lighted the stove to warm the house; while she was washing dishes she heard her niece's baby crying in the bedroom and after observing a sort of haze or smoke she ordered her niece and baby out of the house and while they were leaving the house and walking away from the same the explosion occurred, completely destroying the house and its contents.

Appellee, Joe Goin, testified that the pipe from the tank to the house was under-

ground until it came out of the ground up through the kitchen and this was the only connection in the house. When he arrived on the scene he noticed that unburned shingles had been blown some 30 ft. away from the house; that the railroad commission inspector came and cut the gas off and inspected the lines and showed him some of the loose joints that were leaking gas. He testified that his action against appellant was brought because of Lee Amyx' liability insurance policy in question, by the terms of which appellant guaranteed the payment of all damages which might proximately result during the life of said policy from any act of negligence while engaged in any of the activities of the business of the insured to the public generally in the amount of $5,000 property damage for any one accident and that said policy was issued by appellant to defendant Lee Amyx under the provisions of Article 6053, R.C.S. 1925, Vernon's Ann. Civ.St. art. 6053.

Appellant submits the proposition that it should not be sued in Denton County because it is neither a proper nor necessary party in that the insurance policy which it wrote did not undertake to cover the provisions as set out in said Article 6053, subsection 11, R.C.S. 1925, and therefore said policy was not issued for the benefit of appellees but on the contrary it was only issued for the benefit of the resident defendant, because, among other provisions, it had what is known as a "no action" clause, which provided in substance that no suit should be filed against it until a final judgment was obtained against the insured, to-wit, the resident defendant. It further contends that an exception to exclusive venue under subdivision 4 in order to be sustained appellees must allege and prove a prima facie case of joint negligence and liability of both defendants by evidence adduced independently of the pleadings, and cites such cases as Safety Convoy Co. v. Largen, Tex.Civ.App., 84 S.W.2d 754, and Harrison v. Amador, Tex. Civ.App., 9 S.W.2d 279.

A plea of privilege places in issue only the venue facts to constitute one or more of the exceptions to the general

rule of venue. We find the case of Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, to be controlling in this case, wherein the two following certified questions were submitted to the court:

"1st. Where, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the petition alleges a joint cause of action against both of them, and the non-resident defendant files his plea of privilege to be sued in the county of his residence, and where venue is sought to be sustained under exception 4, Art. 1995, is it incumbent upon the plaintiff, in order to sustain the venue as laid, to prove a cause of action against the non-resident defendant?.

"2nd. Under the conditions set forth in the next preceding question, would the plaintiff establish his right to maintain venue where laid by alleging a joint cause of action against the two defendants and making proof of a cause of action against the resident defendant?"

The court's answers are as follows:

"Our answer to the first question certified is: When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of Article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant.

"To the second question we answer: Under the conditions set forth in the answer to the first question, the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under. the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

■ We do not attempt to pass upon the defensive issues submitted by appellant's points of error pertaining to whether or not appellant is liable, under section 11 of Article 6053, R.C.S. 1925, Vernon's Ann. Civ.St. art. 6053, subd. 11, and/or under the policy. These matters are to be disposed of during the trial upon the merits. See. Maples case supra.

■ Finding that appellees alleged and. proved a cause of action against the resident defendant; alleged a cause of action against the nonresident defendant, and that the resident defendant actually resides in the county where the suit was filed, we affirm the judgment of the trial court overruling the plea of privilege.