**STEELE ADVERTISING AGENCY, Inc.,
v. WALTON.**

No. 4717.

Court of Civil Appeals of Texas.
El Paso.

May 17, 1950.

Rehearing Denied June 14, 1950.

Samuel H. Peak, Houston, for appellant.

James L. Lattimore, Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal from an order of the District Court of Nueces County, 117th Judicial District, overruling a plea of privilege.

A. C. Erler, a resident of Nueces County, doing business under the name of Starr Electric Company, sued Albert E. Walton, a resident of Nueces County, doing business under the name of Walton Neon Company, seeking to recover on a verified account in the sum of $527.05 for material furnished and labor performed. Sought also was an attorney's fee in the sum of $20.

Walton filed answer and cross-action. He denied under oath the justness of plaintiff Erler's sworn account, and plead further that the account sued on was the obligation of the Steele Advertising Agency, Inc., a Texas corporation with its principal place of business in Harris County, Texas.

Plaintiff Erler and the Steele Advertising Agency, Inc., were cross defendants to the cross action. Walton further plead that in employing the plaintiff Erler to do the work described in his petition and furnish the materials he acted as the agent of the said corporate defendant and the fact that he was so acting as such agent was known to plaintiff Erler at the time the materials were to be furnished and Erler was hired to perform the work, and that in respect to the price of the work and material sued for he, Walton, had no contract with Erler. He further alleged that as a result of Erler's suit against him he had been forced and compelled to employ an attorney at a reasonable cost of $150 and that he is entitled to indemnity therefor from the corporate defendant; further that Erler was asserting a claim against him for services and material to the extent of $525.05 and that he was entitled to a decree denying the validity of said claim as against him. The cross defendant Steele Advertising Agency, Inc., filed plea of privilege to be sued in Harris County, the county of its residence.

Defendant Walton filed a controverting affidavit to the plea of privilege. The controverting affidavit refers to the allegations of the plaintiff. There it is further averred that Walton had a cause of action against the corporate defendant which arose in Nueces County; averred that in employing plaintiff Erler to do this work and furnish the material involved he disclosed to plaintiff Erler that he was merely acting as the agent for the corporate cross defendant, that he had been put to the expense of $150.00 in defending the lawsuit of Erler and sought recovery of that sum against the corporate cross defendant. The controverting affidavit further states that the cause of action alleged was against Erler, the plaintiff, as well as the other cross defendant; that the corporation was a proper and necessary party under Section 29a of Art. 1995 of the Revised Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 29a, that the fact that the corporation was a proper and necessary party to the cause of action was shown by his cross action; that the copy of his answer and cross action was attached to his controverting affidavit, that its allegations were true and were adopted as part of said affidavit.

The trial court made up and filed Findings of Fact and Conclusions of Law. In substance the Findings of Fact are as follows: That the cross plaintiff had performed some work for cross defendant Steele Advertising Agency, and been paid therefor the sum of $600; that by reason

of the installation further work and material were rendered necessary and that at the request of cross defendant Steele Advertising Agency the cross plaintiff employed an electrician for said cross defendant to perform such services and furnish certain materials; that cross plaintiff employed plaintiff Erler to perform such services for the corporate cross defendant; that at the time Erler was employed he was informed that such order was placed for and on behalf of cross defendant Steele Advertising Agency; that the account sued on was for work done and materials furnished in Nueces County; that Erler was and is a resident of Nueces County.

▇▇▇ The Conclusions of Law in substance were as follows: That in placing the order for the installation of such wiring with the plaintiff, Walton was acting under the instructions of Steele Advertising Agency and as its agent; that the account sued on was the legal obligation of Steele Advertising Agency; that there was venue of cross plaintiff's claim against the Steele Advertising Agency, Inc., not only on the cause of action of said Walton but against cross defendant Steele Advertising Agency, Inc., to be indemnified and saved harmless from any judgment which might be recovered against him by the said plaintiff Erler; that also there was venue on the cause of action of Erler against the cross defendant Steele Advertising Agency, Inc. which the court held was the legal obligation of said corporate defendant; that venue of the cause might be predicated on Subdivisions 4, 5 and 23 of Art. 1995, R.C. S. of Texas, as amended, Vernon's Ann. Civ.St. art. 1995, subds. 4, 5, 23. The exceptive portion of Section 4 of Art. 1995, insofar as applicable here provides:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *

"(5) If a person has a contract in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." 23, insofar as applicable here, provides: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county". In regard to the exception provided for in Section 4 a long line of authorities sustain the proposition that in order to sustain venue as against a defendant resident of another county than the county where venue is laid, a cause of action must be plead and established against the resident defendant. In this case the resident defendant to the cross action is plaintiff Erler. Unless a cause of action was plead and proved against Erler there is not venue as to the corporate defendant. Lanham v. Lanham, Tex.Civ.App., 170 S.W.2d 286, and cases there cited. Erler is a resident defendant to Walton's cross action. Neither in the petition nor the controverting affidavit is any cause of action on behalf of Walton shown. The proof fails to show any such cause of action against Erler.

▇▇▇ The applicable portion of Section 5 of the venue statute has been heretofore set out. As sustaining venue under this article two letters are relied upon, one by Walton to Steele Advertising Agency, Inc., advising that their work for that concern had been completed but that additional work would be required, and in substance requesting directions; a letter in reply to the aforesaid letter, to Walton by the Steele Advertising Agency, Inc., stating in substance it would be satisfactory for Walton to have this work done by an electrician, that the electrician should send his bill to the Agency, that is, the appellant. We think that it is too apparent to require discussion that these two letters do not constitute a contract in writing between Walton and the corporate defendant.

▇▇▇ Passing to Subdivision 23, cited in the findings of the trial court as sustain-

ing its action in retaining the venue in Nueces County and cited by Walton in support thereof, the only possible tenable ground is that the cause of action or part thereof arose in Nueces County. The relief sought against the appealing cross defendant is recovery of $150 attorney fee alleged to have been reasonably incurred by Walton in his defense to the suit against him by plaintiff Erler. The theory of the cross action in this respect seems to be that it was incurred as an expense of his agency for the corporate cross defendant. If there was a relationship of principal and agent between Walton and the corporate defendant it was a special agency. The extent of Walton's authority was to employ someone to complete the work for the cross defendant on the Neon installation which Walton had in part erected for said cross defendant.

In order to sustain venue under Section 23 it is essential that the parties relying thereon both plead and prove that he has a cause of action against the non-resident corporate defendant. Texas Coca Cola Bottling Co. v. Kubena, Tex.Civ.App., 90 S.W.2d 605; Hill v. Uvalde Construction Company, Tex.Civ.App., 151 S.W.2d 283. In our opinion, regardless of the question of jurisdiction Walton fails to show a cause of action against the corporate defendant. It is fundamental that to constitute a legal cause of action there must be a legal duty owing; a breach of that duty would result in damage. By sworn pleading and by evidence cross plaintiff Walton shows that the cause of action asserted against him by plaintiff is without foundation, in fact or law. It cannot be true that a principal has a legal duty to protect a special agent—an agent for one occasion only—from every baseless suit filed against such agent. By testimony and by the sworn pleading Walton asserts that he disclosed to plaintiff Erler that he was acting for the corporate cross defendant. This attorney's fee was not an expense of executing his agency. He volunteered and sought authority to make this contract on behalf of his corporate principal.

Some place in the record it is indicated that Walton relies upon Section 29a of the venue statute. Section 29a provides: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Rule 38, Texas R.C.P. provides for a defendant bringing in a third party. However, this Rule does not affect venue. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774. If cause of action Walton had against Erler, by no stretch of imagination can the corporate defendant be said to be a necessary party thereto. No cause of action is either plead or proven as against the plaintiff Erler. Exception 29a, if operative, must be ancillary to some other section of the statute. It is so provided in the exception. Boyd v. San Antonio Natl. Bank, Tex.Civ. App., 171 S.W.2d 375. If Walton had some other cause of action, the venue to which was sustained by some exception to Art. 1995, then having an additional cause of action against the corporate defendant he might join same and sustain venue in Nueces County under 29a and under Rule 38, R.C.P.

It is ordered that the judgment of the trial court overruling the plea of privilege of Steele Advertising Agency, Inc., be reversed, and judgment here rendered sustaining such plea of privilege, the venue of the cause of action asserted against Steele Advertising Agency, Inc., and as to it is transferred to the District Court of Harris County, 11th Judicial-District, as prayed for by appellant.

The Clerk of the court below will proceed in accordance with the provisions of Rule No. 89, T.R.C.P. in making effective the order of this court.

Reversed and rendered.