## KEENEY et al. v. COFFEE et ux.

### No. 6299.

Court of Civil Appeals of Texas. Amarillo.

April 20, 1953.

Sanders, Scott, Saunders & Smith, Amarillo, for appellants.

W. S. Birge, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a plea of privilege case.

This suit was filed in the 108th District Court of Potter County, Texas. Appellees, Carl D. Coffee and Betty Coffee, sued appellants, A. L. Keeney, M. M. Burleson and R. B. Foster, and the Ideal Heating and Air Conditioning Co. as a partnership. Appellees alleged all three of the individuals resided in Potter County and that they were company partners forming the partnership and doing business under the trade name of the Ideal Heating & Air Conditioning Company. Appellees began their petition by setting out the conversation between appellees and appellants in reference to appellants installing Ideal Heating & Air Conditioning refrigeration equipment and fixtures in the house of the appellees. After alleging said conversation, appellees alleged that they relied upon defendants representations and "entered into a contract, partial oral and partially written, with the defendants," and attached to their petition a copy of the written portion and made it part of their petition. Then appellees also alleged sixteen acts of negligence on the part of appellants in installing the heating and cooling systems, and they alleged that because of such negligence, appellees were damaged in the following particulars: (a) $2,-

400, the amount paid for installing the equipment, with interest on the $2,400 at 6% from date paid; $2,500 to remove the equipment; $5,000 damages to health of appellee, Mrs. Betty Coffee, and $300 for moving and renting while removing equipment and redecorating the house.

Appellant, M. M. Burleson, filed his plea of privilege to be sued in Randall County, Texas, where he had his domicile. Appellees filed their controverting affidavit and the hearing thereon was set for June 6, 1952 at 10 o'clock A.M. Evidence was heard on June 6, 1952 and all parties closed the hearing. But on September 18, 1952, the hearing was reopened at the request of appellee and over the objections of appellant, M. M. Burleson, and additional evidence was heard. On January 3, 1953, the trial court overruled the plea of privilege filed by appellant, M. M. Burleson. From such judgment appellant, M. M. Burleson, perfected this appeal.

Appellees have failed to file a brief in this cause.

The first hearing on this plea of privilege was had during the May term of court, June 6, 1952, but no action was taken on the disposition of the plea of privilege during that term of court. There is no showing made in this record of any agreement to pass the matter beyond that term of court; but during the next term of court, September 18, 1952, the case was reopened over the objection of the appellant and additional testimony was introduced and final order entered in the case on January 3, 1953.

Rule 86 of Texas Rules of Civil Procedure provides that if plaintiff desires to controvert the plea of privilege he shall file a controverting plea under oath setting out specifically the grounds relied upon to confer venue of such cause on the court where the case is pending.

Rule 87 of Texas Rules of Civil Procedure provides " * * * the court shall promptly hear such plea of privilege and enter judgment thereon." ·

The case of Wilson v. Ryan, Tex. Civ.App., 163 S.W.2d 1087 and Texas Trust & Security Co. v. Dotson, Tex.Civ.App., 157 S.W.2d 1016, held as follows:

"The plea of privilege was not acted upon at the term of court to which it was returnable, but at a subsequent term. The record discloses no reason or cause or order authorizing the delayed disposition of the matter. In such situation appellee, as plaintiff below, will be assumed to have waived her right to resist change of venue, and the trial court had no jurisdiction to deny the plea at a later term. McDaniel v. Gonzalez, Tex.Civ.App., 149 S.W.2d 617. Appellant's first point is sustained." [163 S.W.2d 1088.]

But be that as it may, there is no question but what the appellant, M. M. Burleson, had the right to have this case transferred to Randall County, Texas, the county of his domicile, unless one or more of the exceptions of Art. 1995 of Vernon's Revised Civil Statutes would apply. It was contended by appellees that exceptions 4 and 29a of said Art. 1995 applied in this case. Art. 1995 provides, in part, as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

*	*	*	*	*	.*

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made.

*	*	*	*·	*	*

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Two of the defendants reside in Potter County where the suit was filed. Appellees alleged a partnership between appellant, M. M. Burleson, and the other defendants but they did not prove such partnership. As stated in the case of Munn v. Mohler, Tex. Civ.App., 251 S.W.2d 801, 802:

"Art. 1995 of Vernon's Tex.Civ. Stats., relating to venue of civil actions which may be brought in the courts of Texas, provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in certain cases therein specifically enumerated. The Texas courts have held repeatedly and consistently that the legal right of a defendant to be sued in the county of his residence is a valuable right of which he may not be deprived unless the case filed against him comes clearly within one of the exceptions found in the venue statute. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Newlin v. Smith, 136 Tex. 260, 150 S. W.2d 233; Bennett v. Jackson, Tex. Civ.App., 172 S.W.2d 395, er. ref. W. M."

■ It is well settled in Texas that in order to deprive defendant of the right to a trial in the county of his domicile the case filed against him must come within one of the exceptions found in Art. 1995 of Vernon's Annotated Civil Statutes of Texas. It is further settled in Texas that the burden rests upon the plaintiff to plead and prove that the case comes within the exceptions. The Supreme Court in A. H. Belo Corporation v. Blanton, 129 S.W.2d 619, at page 521, stated:

"The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule was declared in the case of Pool v. Pickett, 8 Tex. 122, and has been consistently followed since that time.

"To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Lasater v. Waits, 95 Tex. 553, 68 S.W. 500; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91."

Our Supreme Court in the case of Jefferies v. Dunklin, 131 Tex. 289, 115 S.W. 2d 391, 393, stated:

"In this connection, the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed. The statute puts the burden on the plaintiff to plead in his controverting plea, and to prove, the facts which will sustain the venue in the court where the suit was filed. Compton v. Elliott, 126 Tex. 232, 88 S. W.2d 91."

To the same effect is the case of Anderson v. Southwestern Presbyterian Home and School for Orphans, Tex.Civ.App., 248 S.W.2d 775, 778, where it is stated:

"It is well settled in Texas that in order to deprive a defendant of the right of trial in the county of his domicile the case filed against him must clearly come within one of the exceptions found in Art. 1995, Vernon's Ann. Civ.Stats., and the burden rests upon the plaintiff to allege and prove that the cause of action comes within the exception. That was the rule announced by our Supreme Court in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S. W.2d 619, point 2, and cases there collated."

See Tunstill v. Scott, Tex.Civ.App., 120 S.W.2d 274, 277, where the court said:

"It is well established that to maintain suit against a non-resident defendant, plaintiff must allege a joint cause of action against the resident and the non-resident defendants, and must introduce evidence sufficient to prove a

·cause of action against the resident defendants, under the allegations relied upon. Taylor et al. v. Fort Worth Poultry & Egg Co. et al., Tex.Civ. App., 112 S.W.2d 292, and cases cited."

We have examined the complete ·record of this case and are of the opinion ·that the appellee failed to meet the test as above shown, and hold that ·both of appellants' points of error should be sustained. Therefore, this cause is reversed and rendered with instructions to the 108th District Court of Potter County to transfer the cause so far as it affects M. M. Burleson to the 47th District Court of Randall ·County, Texas.