**Morris SIGEL, Appellant,**

v.

**David M. INMANN, Appellee.**

No. 5022.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 16, 1954.

Alexander T. Sidman, Houston, for appellant.

Adams, Browne & Sample, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from an order overruling a plea of privilege of the appellant Morris Sigel to be sued in the county of his residence, Harris County.

David M. Inmann, the appellee, brought suit in the district court of Jefferson County against the appellant Sigel, a resident of Harris County, and Johnny Galiano, a resident of Jefferson County and one Savich. He alleged that a partnership existed between Sigel and Galiano for the promotion of wrestling matches in Beaumont in Jefferson County and that the appellee, as a spectator at one of the wrestling matches so promoted, was injured because of a negligent act on the part of another defendant, Danny Savich, a wrestler employed by such partnership. The appellant filed his plea of privilege and appellee filed his controvert-

ing plea alleging that venue lay in Jefferson County under Section 4, Article 1995, Vernon's Annotated Civil Statutes of Texas, because of the residency in said county of Galiano, and alleged that venue also lay in Jefferson County under Section 9 of said Article because a trespass had been committed in Jefferson County.

On appeal the appellant says that it was error to overrule his plea of privilege because (1) there was no proof on the hearing that a partnership existed between him and the resident defendant Galiano; (2) because there was no proof on the hearing. that either of the defendants Savich or Galiano, whose acts of negligence are complained of, were his servants, agents or representatives.

On the hearing proof was made sufficient to show a cause of action against the resident defendant Galiano. Appellant does not contend otherwise. Appellant does not contend that appellee's allegation of a partnership was insufficient to allege a joint cause of action. The whole controversy on appeal is thus centered upon the persuasive argument of counsel for appellant that the burden was upon the appellee, plaintiff in the court below, to make some proof of a partnership relation between resident defendant Galiano and the appellant Sigel, a non-resident, in order to defeat Sigle's plea of privilege. The appellant cites and relies upon the cases of Gray v. Adolph, Tex.Civ.App., 117 S.W.2d 122; Keeney v. Coffee, Tex.Civ.App., 258 S.W.2d 150; Moore v. James, Tex.Civ.App., 242 S.W.2d 958; Watson v. Texas State Bank of Jacksonville, Tex.Civ.App., 222 S.W.2d 341. We have examined all of these cases and find none of them of support to appellant in the matter except possibly the case of Keeney v. Coffee, supra. The appellant apparently has strong support for his contention in this case but we do not believe that it is sufficient authority to sustain him. The statement is contained in the opinion, "Two of the defendants reside in Potter County where the suit was filed. Appellees alleged a partnership with appellant Burleson and the other defendants but they did

not prove such a partnership." The action of the trial court there in overruling appellant Burleson's plea of privilege was reversed and rendered. The opinion does not clearly hold that a non-resident defendant's plea of privilege must be sustained in all cases in which there was an allegation of partnership between him and a resident defendant, without proof of such partnership. It is not clear from the opinion which of the parties sued, either resident or non-resident, actually committed the acts of negligence complained of. The opinion does not set out what the evidence was on the hearing on the plea of privilege. From the opinion as a whole the inference is warranted that proof of the alleged partnership was necessary in order to make proof of a cause of action against the resident defendant or defendants. In such a case it was, of course, necessary to make proof of the partnership in order to make out a cause of action against the resident defendant.

We think it is well established that in order for a plaintiff successfully to controvert the plea of privilege under Exception 4 of Article 1995, supra, he must allege and prove a cause of action against the resident defendant and allege a joint cause of action against the non-resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; De Montel v. Brance, Tex.Civ.App., 151 S.W.2d 859; Lloyds' Casualty, Insurer v. Goin, Tex.Civ. App., 212 S.W.2d 886; Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598.

In McDonald's Texas Civil Practice, Vol. 1, p. 343, it is said, "It is now settled that the plaintiff is not required on a venue hearing to prove a bona fide claim against the non-resident who has asserted his privilege, and evidence tending to disprove the existence of such a claim is inadmissible. There are cases which point the other way, and a powerful argument in favor of requiring such a showing could be made upon principles approved in connection with other venue exceptions * * *. But the opposite result is settled." In his 1954 cumulative supplement to the same work, the author has the following to say about the case of Keeney v. Coffee, supra: "Plaintiff alleged that

the defendant asserting his privilege and the defendants resident in the county were partners. The order overruling the plea of privilege was reversed on the ground, among others, that plaintiff failed to prove this partnership. Under the established precedents, the propriety of joinder should be judged by the allegation of partnership, and the opinion in this respect appears to be erroneous."

Under the authorities quoted we hold that when the appellee here proved a cause of action against Galiano, the local resident defendant, and alleged the partnership existing between Sigel and Galiano, he successfully resisted Sigel's plea of privilege and the trial court was correct in so holding.

Since we believe that venue was properly established in Jefferson County under Exception 4 of Article 1995, supra, it is unnecessary to discuss the appellant's second point attacking the order under Exception 9.

The judgment of the trial court is affirmed.

WALKER and ANDERSON, JJ., concur.