The ESTATE of Norman M. GARRETT, Deceased, Appellant,

v.

Jack GAY, Appellee.

No. 145.

Court of Civil Appeals of Texas.

Tyler.

June 17, 1965.

Rehearing Denied July 15, 1965.

W. C. McClain, McClain & Harrell, Conroe, for appellant.

Marvin Jones, Jones, Watkins & Gay, W. Newton Barnes, Dallas, for appellee.

DUNAGAN, Chief Justice.

Venue is the only issue in this appeal. The suit was filed in Dallas County by Jack

Gay, against the defendant Bettye Byrd, individually and as executrix of the Estate of Norman M. Garrett, Deceased, to establish a money judgment against the estate, as against Bettye Byrd, individually. The Estate of Norman M. Garrett, Deceased, filed its plea of privilege to be sued in the County of Montgomery, where said estate is being administered. The court overruled the plea of privilege filed by the Estate of Norman M. Garrett, Deceased, to be sued in Montgomery County, the county of its residence, and apparently holding Subdivisions 4 and 29a of Article 1995 applicable.

This appeal lies from a judgment of the 101st Judicial District Court of Dallas County, Texas, overruling a plea of privilege filed by the Estate of Norman M. Garrett, Deceased, in the above cause. There are no findings of fact or conclusions of law filed by the court, and nothing is found in the record to disclose the basis of the court's ruling except one statement of the court contained in the order, reading:

> "The stipulation of the parties having been submitted to the Court, together with the pleadings in the cause, and the Court being fully advised, and being of the opinion that the Plea of Privilege, as filed herein by the Defendant, Estate of Norman M. Garrett, Deceased, should be in all things overruled."

Jack Gay filed suit in the District Court of Dallas County, Texas, against Bettye Byrd, individually and as executrix of the Estate of Norman M. Garrett, Deceased. Bettye Byrd is a resident of Dallas County and the Estate of Norman M. Garrett, Deceased, is a resident defendant of Montgomery County, Texas, where said estate is being administered. The only plea of privilege filed was a plea of the Estate of Norman M. Garrett, Deceased, alleging its right and privilege to be sued in Montgomery County, Texas.

Plaintiff alleged in his petition that heretofore, on or about the 15th day of August, 1961, plaintiff and defendant entered into an oral contract by the terms of which plaintiff would represent the defendant, Bettye Byrd, individually and as executrix of the Estate of Norman M. Garrett, Deceased, in all matters pertaining to said estate where defendant was interested or involved, either individually or as executrix of said estate, and agreed to pay plaintiff the reasonable and customary charges for the services to be rendered by the plaintiff under said contract.

The plaintiff further alleged that until on or about May 15, 1964, plaintiff performed such legal services as requested by the defendant and as were reasonable and necessary for her, individually and as executrix of said estate, and that the reasonable value and customary fee for such services so rendered by plaintiff was in the sum of $5,000.00. That defendant had failed to pay for said services and that written demand was duly made for the services, but the defendant had failed and refused to pay such fees or any part thereof.

The Estate of Norman M. Garrett, Deceased, contends that the venue as to it in this cause lies in Montgomery County, Texas, under and by virtue of Article 1995, Subsection 6, Vernon's Ann.Civ.St., which reads:

> "Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

The plaintiff seeks to maintain venue under Subsections 4 and 29a of Article 1995, V.A.C.S. in Dallas County, Texas.

The venue hearing was duly held and judgment entered by the trial court overruling the plea of privilege of the Estate of Norman M. Garrett, Deceased.

The appellant brings forward two Points of Error. First, contending that: "The trial court erred in overruling defendant's

plea of privilege for the reason that the plaintiff failed to prove a cause of action against the resident defendant, Bettye Byrd, as required by Subdivision 4 of Article 1995."

This case was submitted to the trial court upon the stipulation of the parties, together with the pleadings in the case. Such stipulation of the parties and the pleadings constitute all the evidence adduced during said hearing. The stipulation of the parties was as follows:

(1) That Bettye Byrd, the defendant, is a resident of Dallas County, Texas; that

(2) Bettye Byrd is one of the executors of the Estate of Norman M. Garrett, Deceased; that

(3) She was a resident and an executor of the estate at all times pertinent to the plaintiff's cause of action; that

(4) The amount of the plaintiff's claim as sued for is within the jurisdiction of this court and is against Bettye Byrd and the estate; that

(5) The suit is a claim for services rendered by the plaintiff for the defendant, Bettye Byrd and the estate; and that

(6) No payment has been made for the services sued for.

Perhaps the leading case in Texas construing Section 4 of Article 1995 is Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Under the holding in that case, it is incumbent upon one seeking to hold venue in the county where suit is brought to allege and prove a cause of action against the resident defendant. That case has now become the settled law of this state and has been followed consistently since its rendition. Steele Advertising Agency, Inc. v. Walton, 233 S.W.2d 867 (Tex.Civ.App.) 1950, no writ history; Houseman v. Mahin, opinion delivered by the Supreme Court on May 19, 1965, 390 S.W.2d 732; Hammonds v. Houston Electric Co., 169 S.W.2d 765 (Tex.Civ.App.) 1943, no writ history; Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ. App.) 1965, no writ history. Thus, it was incumbent upon appellee to prove a bona fide cause of action against the resident defendant of Dallas County where suit was filed. This he failed to do.

The burden rested upon the plaintiff to establish by a preponderance of the evidence the following: (1) Proof of an agreement between himself and the resident defendant, Bettye Byrd; (2) Contents of the agreement; (3) Performance of the agreement by plaintiff; (4) The reasonableness of the fee; (5) That demand has been made for payment of the services sued for, and (6) Defendant's failure and refusal to pay same.

The stipulation in this case failed to establish either of these requirements. While it is stipulated that no payment has been made to plaintiff, there is no proof that demand has been made of defendant for the payment of the amount sued for, or any part thereof, and that pursuant to such demand, defendant failed and refused to pay.

The case at bar is analogous to the case of Gilley v. Morse, 375 S.W.2d 569 (Tex. Civ.App.) 1964, no writ history, wherein it was held that appellees failed to prove by competent evidence that they had, in fact, a bona fide cause of action against the resident defendants and ordered the case transferred to the county of the residence of the appellant. Also see Wood v. Self, 362 S.W.2d 188 (Tex.Civ.App.) 1962, no writ history.

It is our opinion that the stipulation entered into between the parties failed to meet the burden of proof required of plaintiff-appellee to prove a cause of action against the resident defendant, Bettye Byrd, which is necessary to maintain venue in Dallas County under Exception No. 4 of Article 1995, V.A.C.S.

Appellant next, by his Point of Error No. 2, says: "The trial court erred

in overruling the plea of privilege and sustaining venue under Subdivision 29a because this subdivision is not applicable unless both defendants were non-residents of Dallas County, Texas." With this contention we agree. Exception 29a "Applies only when no defendant resides or is domiciled in the county of suit." Houseman v. Mahin, supra; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Shaver v. Hughes, Tex.Civ.App., 214 S.W.2d 176; Community Public Service Co. v. James, 167 S.W. 2d 588 (Tex.Civ.App.) 1943, ref., w. m.; Pioneer Building & Loan Ass'n. v. Gray, 132 Tex. 509, 125 S.W.2d 284, 1939; Biggers v. State of Texas, 358 S.W.2d 188 (Tex.Civ.App.) 1962, writ refused, Tex., 360 S.W.2d 516.

The judgment of the trial court is reversed and it is ordered that the cause as to the Estate of Norman M. Garrett, Deceased, be transferred to a district court of Montgomery County, Texas.