**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

*George Edward* **WHITE,** *Individually and as* **Next Friend for Brenda Kaye White, a minor, Appellee.**

No. 519.

Court of Civil Appeals of Texas, Tyler.

Dec. 10, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Tom Henson, Mike Hatchell, Tyler, for appellant.

Gordon Wellborn and Rex Houston, Guinn D. Tate, Henderson, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a Plea of Privilege.

The appellee brought this suit against appellant State Farm Mutual Automobile Insurance Company and Lorene Key Portley. The suit against Lorene Key Portley is to recover damages allegedly sustained by appellee and his minor daughter as a result of negligence on the part of Mrs. Portley. The action against State Farm Mutual Automobile Insurance Company is brought under the terms of the Uninsured Motorist Clause of an automobile insurance policy issued by appellant.

The suit was filed in Gregg County where the accident occurred. The appellant, a foreign corporation with its principal place of business in Dallas, Dallas County, Texas, filed its Plea of Privilege to be sued in Dallas County, the county of its residence. Appellee duly filed a controverting affidavit, alleging that venue was properly laid in Gregg County under Subdivisions 9a, 27 and 29a, Article 1995, Vernon's Ann.Tex.Civ.St.

After a hearing the trial court overruled appellant's Plea of Privilege, and this appeal was duly and timely perfected.

The proof offered by appellee, George White, shows that immediately before the collision in question, he and his sixteen year old daughter, Brenda Kaye White, were traveling in a westerly direction in their automobile on Cotton Street in Longview, Gregg County, Texas, and came to a stop in obedience to a red signal light at the intersection of Cotton and Lake Lamond. While remaining in the stopped position, his vehicle was struck from the rear by a vehicle being operated by defendant Portley resulting in personal injuries to himself and his daughter, as well as damages to his automobile.

Defendant Portley admitted that she collided with the rear of appellee's automobile. She testified however that prior to striking the White vehicle she observed the signal light at the intersection to be green, and then observed the White vehicle in a stopped position at the light. She further admitted that she was not carrying Public Liability Insurance either on her automobile or on herself at the time of the collision and that she had not deposited a bond or other security with the Department of Public Safety.

It is without dispute that appellee, George Edward White, had in force and effect a policy of insurance with State Farm insuring appellee for damages caused by an uninsured motorist. The Uninsured Motorist provisions of the policy are as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

As we view the record, the evidence offered by appellee is sufficient to establish a cause of action for negligence against the tort-feasor Portley in Gregg County under Subdivision 9a of the venue statute. Appellee urges that since he established venue under Subdivision 9a against the

tort-feasor, the judgment holding venue against appellant in Gregg County must likewise be sustained because under Subdivision 29a appellant was a necessary party to this suit against the tort-feasor. Appellant asserts that the judgment must be reversed because the proof fails to show that the insurer was a necessary party, as defined by Subdivision 29a, to appellee's suit against the tort-feasor.

We have concluded Subdivision 29a is not applicable to the facts here presented. This subdivision applies only when no defendant in the suit resides or is domiciled in the county of suit. McDonald, Texas Civil Practice, Section 4.-10.1, p. 432; Garrett v. Gay, 392 S.W.2d 565 (Tex.Civ.App., Tyler, 1965), citing cases. According to the unchallenged findings of fact and conclusions of law filed by the trial court, defendant Portley was a resident of Gregg County, Texas, the county of suit.

It appears to us however that the judgment maintaining venue in Gregg County may be sustained under Subdivision 4 of the venue statute. This Subdivision provides that:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

While appellee's pleadings do not specifically name Subdivision 4 as one of the subdivisions relied upon by them to sustain venue in Gregg County, it was not necessary for them to do so since their controverting affidavit adopting their petition clearly sets forth a cause of action under the terms of such subdivision. Dr. Salsbury's Laboratories v. Bell, 386 S.W.2d 341 (Tex.Civ.App., Dallas, 1964); McDonald, Texas Civil Practice, Section 4.49.

Under this Subdivision 4, suit may be maintained in the county of domicile of one defendant against all other defendants not domiciled there who are

proper parties. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (Tex. Com.App., 1933); McDonald, Texas Civil Practice, Section 4.10.1.

A defendant is a proper party under exception 4 where the plaintiff's petition shows that the cause of action against the resident defendant and the nonresident defendant grows out of the same transaction, or a series of closely related transactions, and are so intimately connected that they should be joined to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com. App., 1936); McDonald, Texas Civil Practice, Section 4.10.2. While in this instance the liability of the tort-feasor arises ex delicto while that of the appellant arises ex contractu, the liability of each grows out of the same transaction and is so intimately connected that the two should be joined to avoid a multiplicity of suits. Stephens v. Hannah Const. Co., 81 S.W.2d 729 (Tex.Civ.App., El Paso, 1935); Lloyds' Casualty, Insurer v. Goin, 212 S.W.2d 886 (Tex.Civ.App., Ft. Worth, 1948).

This is not a suit where the policy provides that the insurer "will not be liable" or "no suit" shall be brought until liability is established by judgment as was the case in Grasso v. Cannon Ball Motor Freight Lines, et al., 125 Tex. 154, 81 S.W.2d 482 and Bluth v. Neeson, 127 Tex. 462, 94 S.W.2d 407. Rather this is a situation where the insurer has agreed by contract to become directly liable to the plaintiff in a tort action. In these circumstances, our rules allow that the plaintiff may properly join the insurer in the suit. McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679 (1938); McDonald, Texas Civil Practice, Vol. 1, Section 3.22, p. 293; Stephens v. Hannah Const. Co., supra; Lloyds' Casualty, Insurer v. Goin, supra. We therefore conclude that appellant was a proper party to the suit.

Therefore, what was said in Stockyard's National Bank v. Maples, supra, appears to be directly in point here. In that case, the

following certified questions were submitted to the court:

" '1st. Where, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the petition alleges a joint cause of action against both of them, and the non-resident defendant files his plea of privilege to be sued in the county of his residence, and where venue is sought to be sustained under exception 4, art. 1995, is it incumbent upon the plaintiff, in order to sustain the venue as laid, to prove a cause of action against the non-resident defendant?

" '2nd. Under the conditions set forth in the next preceding question, would the plaintiff establish his right to maintain venue where laid by alleging a joint cause of action against the two defendants and making proof of a cause of action against the resident defendant?' "

The court's answers are as follows:

"Our answer to the first question certified is: When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant.

"To the second question we answer: Under the conditions set forth in the answer to the first question, the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule

intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

■ We are likewise of the opinion that the judgment may also be sustained because of the provisions of Subdivision 27 of the venue statute. This Subdivision provides in part, as follows:

"Foreign corporations, * * * doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, * * *."

Under the terms of the policy appellees were required to establish liability of the uninsured motorist and damages resulting therefrom. The proof offered by appellees shows that liability as well as the damages accrued in Gregg County. Therefore, we think it can be said that at least a part of the cause of action against appellant upon the policy of insurance "accrued" in such county.

Appellant contends that venue cannot be sustained under Subdivision 27 because there is no proof showing that the insurance company refused to pay the damages. There appellant says appellee failed to establish a breach of contract giving rise to a cause of action and there being no cause of action, a "part" of a cause of action could not have "accrued" in Gregg County. We are not impressed with this argument. In view of appellant's general denial denying any obligation under the contract appellant's argument appears to be frivolous and wholly without merit.

The judgment of the trial court is affirmed.